

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0308-12

### MARCUS DEWAYNE MATLOCK, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### SMITH  COUNTY

**COCHRAN, J., delivered the opinion of the Court in which KELLER, P.J., and WOMACK, JOHNSON, KEASLER, HERVEY, and ALCALA, JJ., joined. PRICE, J., concurred. MEYERS, J., did not participate.**

O P I N I O N

We granted review in this case to determine whether the legal and factual sufficiency standards that govern Texas civil proceedings still apply to the rejection of an affirmative defense after this Court's decision in *Brooks v. State*.[1]  We conclude that they do.  Because

---

[1] 323 S.W.3d 893 (Tex. Crim. App. 2010).  The State Prosecuting Attorney's two grounds for review are as follows:
1.    Did the court of appeals err in holding that the jury's rejection of the affirmative defense of inability to pay child support was against the great weight and preponderance of the

the court of appeals mistakenly conflated those two distinct standards in this criminal nonsupport case,[2] we will remand the case to that court to again review the legal (and, if necessary, factual) sufficiency of the evidence supporting the jury's rejection of appellant's "inability to pay" affirmative defense.

I.

In 1999, appellant was judicially determined to be the father of a five-year-old girl and ordered to pay child support. From the very beginning, appellant frequently failed to pay the $191.40 monthly child support.[3] Instead, he was "doing drugs . . . crystal meth, heroin, and everything else you could think of." Appellant introduced into evidence his "book-in book-out" Smith County jail sheet that showed his numerous criminal charges and arrest dates between February 16, 1995, and June 4, 2009. These charges included harassment, DWLS, misdemeanor theft, two DWIs, family-violence assault, several charges of nonpayment of child support, trespass, interference with an emergency call, and burglary.

---

evidence when the majority of Texas appellate courts, including the Tyler court, apply the civil legal sufficiency standard of review announced by the Texas Supreme Court in *Sterner v. Marathon Oil Company*, 767 S.W.2d [686] (Tex. 1989), and the factual sufficiency standard in *Meraz v. State*, [785] S.W.2d 146 (Tex. Crim. App. 1990), has been severely undercut by *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)?

2.    Applying the *Sterner* legal sufficiency standard, does the fact of incarceration alone satisfy the appellant's burden on the affirmative defense of inability to pay child support by a preponderance of the evidence?

[2] *Matlock v. State*, No. 12-09-00358-CR, 2012 WL 426613, at *8-11 (Tex. App.–Tyler Feb. 8, 2012).

[3] Appellant testified that he was also ordered to pay child support for two other children, and that he and his wife have three children, for a total of six children that appellant is supposed to support.

Most recently, appellant was charged with sixteen counts of nonsupport for failing to pay child support on the first of each month from February 2006 through November 2006, in January 2008, in June 2008, and from September 2008 through December 2008.[4] The evidence was undisputed that appellant did not pay the required child support during those sixteen months. The only question was whether he had the ability to make those payments.[5]

Chief Deputy Pinkerton of the Smith County Sheriff's Office testified that jail inmates cannot receive any money for the jobs that they may do in the jail, although a trusty may receive good-time credits. Chief Pinkerton also agreed that those who had money before they went to jail would still have that money, and "they can pay whoever they want to pay."

An appointed lawyer who had represented appellant between 2005 and 2007 testified that appellant was jailed on previous nonsupport charges for more than a year. He was then conditionally released on probation to stay and work at the Family Prayer Counseling Center, a residential drug-treatment program. The Center paid appellant $50.00 a week and forwarded the rest of his paycheck for child support payments. But appellant's probation was revoked in 2008, and he was ordered to serve 180 days in jail. His probation officer said that

---

[4] *See* TEX. PENAL CODE § 25.05(a) ("An individual commits an offense if the individual intentionally or knowingly fails to provide support for the individual's child younger than 18 years of age, or for the individual's child who is the subject of a court order requiring the individual to support the child.").

[5] *See id.*, § 25.05(d) ("It is an affirmative defense to prosecution under this section that the actor could not provide support for the actor's child."). The defendant must prove an affirmative defense by a preponderance of the evidence, the same standard of proof as that employed in civil cases.

appellant was not a good probationer; she assumed "it was his drug addiction that kept him from paying his child support as ordered." Appellant was continuously in jail on previous nonsupport charges from March 6, 2005, through March 24, 2006, as well as at various times in 2007 and 2008.

Appellant testified that he has a college degree in electronics, but that he can't find work in electronics. "They're not hiring." He had looked all the way from Houston to Tyler. He had worked in fast-food restaurants, but sometimes they wouldn't hire him because he was "over-qualified." He worked at the Family Care Center for almost a year after he was released from jail in March, 2006. His salary was automatically sent off for child-support payments for his daughter and another son. After about six months working at the Center, appellant obtained a commercial driver's license and got a job with Basic Energies, a trucking company, where he made $13.00 an hour. But he lost that job after a month because he wasn't "ready to be around other people." He later got a job with Shell Tanker. Appellant testified that he didn't make any child support payments for either his daughter or son while he was in jail because "I didn't have no money. Nobody would give me money." During those periods of time, he was not "able to provide any funding or sources of income to pay any support toward" his daughter.

When asked by the prosecutor if he had "any money whatsoever in savings," appellant said that he did not. He said that he had asked his uncle, a dentist in Marshall, for help in paying his child support, but his uncle gave him "Zero." There was no suggestion that

appellant owned a car, a house, or a bank account. There was evidence that he was estranged from his wife and that he had been staying with various relatives when he was not in jail or at the rehabilitation center.

Based upon this evidence, the jury found appellant guilty on all sixteen counts of nonsupport and sentenced him to confinement in a state jail facility for two years with a fine of $10,000 on each count.

On direct appeal, appellant claimed that the evidence was legally and factually insufficient to support the jury's rejection of his "inability to pay" affirmative defense. The court of appeals focused on Count I–the failure to pay child support on February 1, 2006–and the undisputed evidence that appellant had been in the Smith County jail for the eleven months preceding that date. The court noted that there was no evidence to suggest that appellant had money to pay his child support obligation that month or that he "had a source from which he could borrow or obtain the money to pay that child support obligation."[6] Therefore, the court of appeals held that, "after considering all of the evidence relevant to Appellant's affirmative defense of inability to pay child support, . . . the jury's finding of guilt as to Count I of the indictment is so against the great weight and preponderance of the evidence as to be manifestly unjust."[7] It entered a judgment of acquittal on Count I.[8]

---

[6] *Matlock*, 2012 WL 426613, at *10.

[7] *Id.*

[8] *Id.* at *12.

As to the other counts, the evidence was in conflict because appellant admitted that he had a college degree in electronics and had worked during much of that time, sometimes as a truck driver making $13.00 an hour.  As to those counts, appellant's testimony was "equivocal, conflicting, and unclear[,]" and thus the jury's finding against the affirmative defense was "not so against the great weight and preponderance of the evidence as to be manifestly unjust."[9]  It upheld those fifteen convictions.

## II.

The State petitioned this Court, arguing that the court of appeals erred by applying a factual-sufficiency standard of review in deciding whether the evidence was legally sufficient to satisfy appellant's burden to prove his affirmative defense.  We agree, but first we briefly examine how the standard of proof is related to the standards of review in criminal cases.

**A.      Burden of Proof/Standard of Review for Elements of Offense (*Jackson/Brooks*)**

Under *Brooks v. State*,[10] we review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under the  single sufficiency standard set out in *Jackson v. Virginia*.[11]   Under that standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier

---

[9] *Id.* at *11.

[10] 323 S.W.3d 893 (Tex. Crim. App. 2010).

[11] 443 U.S. 307 (1979).

of fact could have found the essential elements of the offense beyond a reasonable doubt.[12]

The *Jackson* standard of review is that required for criminal cases when the standard of proof

is that of "beyond a reasonable doubt."

That constitutional standard of review applies to the elements of an offense that the

State must prove beyond a reasonable doubt, but it does not apply to elements of an

affirmative defense that the defendant must prove by a preponderance of the evidence.[13]

Prior to *Brooks*, we used the traditional Texas civil burdens of proof and standards of review

in the context of affirmative defenses where the rejection of an affirmative defense is

established by a "preponderance of the evidence."[14]  Our decision in *Brooks* did not affect

---

[12] *Id.* at 319; *see Brooks*, 323 S.W.3d at 895 ("the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.").

[13] *See Brooks*, 323 S.W.3d at 924 n.67 (Cochran, J., concurring) (noting that this Court had "properly adopted the Texas civil standards of legal and factual sufficiency for those few instances in criminal cases in which the burden of proof is a preponderance of the evidence, as occurs with affirmative defenses.").

[14] *See Van Guilder v. State*, 709 S.W.2d 178, 181 (Tex. Crim. App. 1985) (defendant who had proven her affirmative defense of insanity as a matter of law was entitled to acquittal; recognizing that there was no evidence to rebut defendant's insanity defense and concluding that "no rational trier of fact could have found that [defendant] failed to prove her affirmative defense by a preponderance of the evidence"); *Meraz v. State*, 785 S.W.2d 146, 153-56 (Tex. Crim. App. 1990) (holding that Texas civil standards of review apply in assessing factual sufficiency of the evidence of jury's verdict rejecting a defendant's affirmative defense of insanity or incompetency); *Cleveland v. State*, 177 S.W.3d 374, 386-91 (Tex. App.–Houston [1ˢᵗ Dist.] 2005, pet. ref'd)  (setting out and applying civil standards of review to claims of legal and factual insufficiency of the evidence to reject defendant's punishment "sudden passion" claim that he had the burden to prove by a preponderance of the evidence); *Howard v. State*, 145 S.W.3d 327, 329-36 (Tex. App.–Fort Worth 2004, no pet.) (setting out and applying civil standards of review for assessing both the legal and factual sufficiency of the evidence to reject defendant's affirmative defense of "inability to pay" in prosecution for criminal nonsupport).

that line of cases.  We continue to use those civil standards in reviewing a jury's rejection of an affirmative defense in a criminal case.

**B.      Standard of Review on Legal Sufficiency Concerning Affirmative Defense (Modified *Sterner*)**

In *Sterner v. Marathon Oil Co.*,[15] the Texas Supreme Court set out the standard of review that applies when an appellant claims that there was "no evidence" (legally insufficient evidence) to support an adverse finding on which that party had the burden of proof by a preponderance of the evidence:

> A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles.  First, the record must be examined for evidence that supports the jury's finding, while ignoring all evidence to the contrary.  Second, if there is no evidence to support the fact finder's answer, then, the entire record must be examined to see if the contrary proposition is established as a matter of law.[16]

The majority of courts of appeals that have addressed the issue of the legal sufficiency of the evidence to support a jury's rejection of an affirmative defense in a criminal case have followed the *Sterner* standard.[17] That standard has, however, been modified by the Texas

---

[15] 767 S.W.2d 686 (Tex. 1989).

[16] *Id.* at 690; *see also Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam) ("When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue."); *see generally*, W. Wendell Hall, *Standards of Review in Texas*, 29 St. Mary's L.J. 351, 481–82 (1998).

[17] *See, e.g.*, Cleveland, 177 S.W.3d at 387-88; *Howard*, 145 S.W.3d at 333-35; *see also Rodriguez-Flores v. State*, 351 S.W.3d 612, 636-37 (Tex. App.–Austin 2011, no pet); *Perez v. State*, 323 S.W.3d 298, 304-05 (Tex. App.–Amarillo 2010, pet. ref'd); *Bradshaw v. State*, 244 S.W.3d 490, 502 (Tex. App.–Texarkana 2007, pet. ref'd); *Nolan v. State*, 102 S.W.3d 231, 238 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd).

Supreme Court's 2005 decision in *City of Keller v. Wilson*,[18] which refined the test for legal-

sufficiency claims in civil cases.[19]  Thus, we adopt the modified standard of review of the

A minority of the courts of appeals have used the *Meraz* factual-sufficiency standard to review all sufficiency-of-the-evidence claims concerning an affirmative defense.  *See, e.g., Patterson v. State*, 121 S.W.3d 22, 24 (Tex. App.–Houston [1st Dist.] 2003, pet. dism'd) (stating that courts of the appeals do not have jurisdiction to review the legal sufficiency of the evidence rejecting an affirmative defense, and concluding that when a defendant seeks appellate review of an adverse finding on an affirmative defense, he invokes only the appellate court's factual sufficiency review); *Naasz v. State*, 974 S.W.2d 418, 421 (Tex. App.–Dallas 1998, pet. ref'd) ("When a defendant seeks appellate review of a jury's failure to make a finding on which the defendant has the burden of proof, such as on an affirmative defense, the defendant invokes our factual review jurisdiction.").

The Texarkana Court of Appeals discussed these two divergent lines in *Ballard v. State*, 161 S.W.3d 269, 271-72 (Tex. App.–Texarkana 2005), *aff'd*,193 S.W.3d 916 (Tex. Crim. App. 2006), and it concluded that our decision in *Meraz* did not exclude a legal sufficiency review of the evidence.  *Id.* at 271.  The Texarkana court reasoned that this Court simply did not address the legal sufficiency of the evidence to support a jury's rejection of an affirmative defense in *Meraz*.  We were concerned only with the factual sufficiency of the evidence to reject the defendant's claim of incompetence.  *See Meraz*, 785 S.W.2d at 147 (noting that the issue to be resolved was defendant's "assertion that the adverse resolution of his incompetency plea was against the great weight and preponderance of the evidence" and thus was factually insufficient to support the jury's adverse finding on incompetency).  On discretionary review of *Ballard*, we agreed with the Texarkana court's discussion of the two separate standards for legal and factual sufficiency of the evidence to support the adverse finding on defendant's claim that he had voluntarily released the kidnap victim in a safe place.  193 S.W.3d at 918 ("On appeal, appellant claimed that the evidence was legally and factually insufficient to support a first-degree aggravated kidnapping conviction. . . .because no rational trier of fact could have found that the complainant had not been voluntarily released in a safe place, whether reviewed in the light most favorable to the verdict or in a neutral light. The court of appeals disagreed and held the evidence sufficient, saying that 'legally and factually sufficient evidence supported the trial court's conclusion that [defendant's] actions did not constitute "voluntary release" to trigger mitigation of [defendant's] punishment for aggravated kidnapping.'").  We would not have discussed both the legal and factual sufficiency of the evidence in *Ballard* had we not agreed that both standards could apply to an affirmative defense or other claim that the defendant must prove by a preponderance of the evidence.

[18] 168 S.W.3d 802 (Tex. 2005).

[19] *See id.* at 827.  The Texas Supreme Court explained that
[t]he final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under

legal sufficiency of the evidence to support an adverse finding on an affirmative defense:

> When an appellant asserts that there is no evidence to support an adverse finding on which she had the burden of proof, we construe the issue as an assertion that the contrary was established as a matter of law. We first search the record for evidence favorable to the finding, disregarding all contrary evidence *unless a reasonable factfinder could not.* If we find no evidence supporting the finding, we then determine whether the contrary was established as a matter of law.[20]

In reviewing the legal sufficiency of the evidence to support an adverse finding on the

affirmative defense of an inability to pay in a nonsupport prosecution, we first look for

evidence ("more than a mere scintilla"[21]) that supports the jury's implied finding that the

defendant could pay child support,[22] and we disregard all evidence of the defendant's

---

review. Whether a reviewing court begins by considering all the evidence or only the evidence supporting the verdict, legal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.

*Id.*

[20] *One Ford Mustang VIN 1FAFP40471F207859 v. State*, 231 S.W.3d 445, 449 (Tex. App.–Waco 2007, no pet.); *see also RM Crowe Property Services Co., L.P. v. Strategic Energy, L.L.C.*, 348 S.W.3d 444, 448 (Tex. App.–Dallas 2011, no pet.); *Dallas County Constable v. Garden City Boxing Club, Inc.*, 219 S.W.3d 613, 616 (Tex. App.–Dallas 2007, no pet.); *Sellers v. Foster*, 199 S.W.3d 385, 392 (Tex. App.–Fort Worth 2006, no pet.).

[21] "Evidence does not exceed a scintilla if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *In re Estate of Campbell*, 343 S.W.3d 899, 904 n.6 (Tex. App.–Amarillo 2011, no pet.) (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)).

[22] *See Howard v. State*, 145 S.W.3d 327, 330-36 (Tex. App.–Fort Worth 2004, no pet.) (reviewing the legal and factual sufficiency of the evidence to support jury's rejection of defendant's affirmative defense of inability to pay in criminal nonsupport prosecution).

inability to pay unless a reasonable factfinder could not disregard that evidence.[23]  If no evidence supports the jury's finding that the defendant could pay child support, then we search the record to see if the defendant had established, as a matter of law, that he did not have the ability to pay his child support.[24]  If the record reveals evidence supporting the defendant's position that he did not have the ability to pay, but that evidence was subject to a credibility assessment  and was evidence that a reasonable jury was entitled to disbelieve, we will not consider that evidence in our matter-of-law assessment.[25]

Only if the appealing party establishes that the evidence conclusively proves his

---

[23] *See City of Keller*, 168 S.W.3d at 827 (holding that, in legal-sufficiency review, courts view the evidence in the light most favorable to the verdict, credit supporting evidence if reasonable jurors could do so, and disregard contrary evidence unless reasonable jurors could not); *Burns v. Rochon*, 190 S.W.3d 263, 267 (Tex. App.–Houston [1st Dist.] 2006, no pet.) ("More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence.").

[24] *See Sterner*, 767 S.W.2d at 690.

[25] *See Grider v. Mike O'Brien, P.C.*, 260 S.W.3d 49, 56 (Tex. App.–Houston [1st Dist.] 2008, pet. ref'd) ("The jury's failure to find a particular fact need not be supported by any evidence, because the jury acts as the ultimate decision maker on the credibility of the proponent's case and is free to disbelieve the evidence presented by the party with the burden of proof."); *Yap v. ANR Freight Systems, Inc.*, 789 S.W.2d 424, 425-26 (Tex. App.–Houston [1st Dist.] 1990, no pet.) (party asserting that he had established his claim "as a matter of law" even though jury made adverse finding must show that reasonable minds could not differ on that element); *see also* W. Wendell Hall, *Standards of Review in Texas*, 34 St. Mary's L.J., 1, 165-66 (2002) (noting that some cases hold that "undisputed" evidence cannot be ignored in legal sufficiency review while other cases hold that jury may disbelieve even uncontradicted testimony offered by party with the burden of proof; concluding that "[g]iven the scope of review, which requires the court to disregard all evidence contrary to the verdict, the latter line of cases is clearly correct when the appellant raises an 'as a matter of law' challenge").

affirmative defense and "that no reasonable jury was free to think otherwise,"[26] may the

reviewing court conclude that the evidence is legally insufficient to support the jury's

rejection of the defendant's affirmative defense.[27] Applying that standard to criminal cases,

we conclude that the defendant is entitled to an acquittal on appeal despite the jury's adverse

finding on his affirmative defense only if the evidence conclusively establishes his

affirmative defense under the modified two-step *Sterner* test.[28]

## C.    Standard of Review on Factual Sufficiency Concerning Affirmative Defense (*Meraz)*

A criminal defendant might also raise a factual-sufficiency challenge to the jury's

adverse finding on his affirmative defense.[29] In that event, we turn to *Meraz*, our seminal

_____

[26] *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009); *see City of Keller*, 168 S.W.3d at 823 ("Judgment without or against a jury verdict is proper at any course of the proceedings only when the law does not allow reasonable jurors to decide otherwise.").

[27] *See Van Guilder v. State*, 709 S.W.2d 178, 181 (Tex. Crim. App. 1985).

[28] *See Cleveland*, 177 S.W.3d at 390 (concluding that evidence concerning jury's negative finding on defendant's claim of "sudden passion" was legally sufficient as a matter of law); *see also Champagne v. State*, No. 13-11-00657-CR, 2012 WL 2469677, at *3 (Tex. App.–Corpus Christi June 28, 2012) (not designated for publication) (following *Cleveland* and concluding that evidence was legally sufficient to support jury's implied negative finding on defendant's affirmative defense of inability to pay in criminal nonsupport prosecution); *Woods v. State*, No. 06–05–00150–CR, 2006 WL 1389581, at *1-2 (Tex. App.–Texarkana May 23, 2006, no pet.) (not designated for publication) (evidence that defendant, who was able to work and eligible for rehire by a previous employer, but did not seek rehire, was legally sufficient to support jury's rejection of inability-to-pay defense in criminal nonsupport prosecution).

[29] Technically, a defendant's claim is not one of "factual insufficiency." He is really arguing that he had offered so much evidence in support of his affirmative-defense claim and the State offered so little evidence rebutting his defense, that the jury's rejection of his affirmative defense is against the great weight and preponderance of the evidence. *See Stone v. State*, 823 S.W.2d 375, 380-81 (Tex. App.–Austin 1992, pet. ref'd). The defendant is claiming that his evidence is more than sufficient to support his affirmative defense, while the State's evidence is

case on factual sufficiency, in which the defendant claimed that the jury's rejection of his incompetency plea–a plea that he had the burden to prove and thus is similar to an affirmative defense–was against the great weight of the evidence.[30] In *Meraz*, we adopted the civil standards of factual-sufficiency review because the burden of proof is that of "preponderance of the evidence," the same burden as in civil proceedings.[31] In making a factual-sufficiency claim, the defendant is asserting that, considering the entire body of evidence, the jury's adverse finding on his affirmative defense was so "against the great weight and preponderance" of that evidence to be manifestly unjust.[32]

---

insufficient to rebut it.

[30] *Meraz*, 785 S.W.2d at 147. In *Meraz*, we overruled *Van Guilder* to the extent that it had held that the courts of appeal did not have the authority to determine if a jury finding on an affirmative defense was against the great weight of the evidence. *Id.* at 154-55. We did not overrule the basic holding of *Van Guilder* that a defendant may establish an affirmative defense as a matter of law. In *Van Guilder*, however, we used a legal standard of review that was tied to criminal burdens of proof, so we overruled that criminal standard in *Meraz* when we adopted civil standards for both legal and factual sufficiency review for affirmative defenses. *See Van Guilder*, 709 S.W.2d at 181 ("[W]e hold that in reviewing a case involving an affirmative defense, the court of appeals must review the evidence on the affirmative defense by looking at the evidence in the light most favorable to the implicit finding by the jury with respect to such affirmative defense and then determine, by examining all the evidence concerning the affirmative defense, if any rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence. . . . The test evaluates the legal sufficiency of the evidence using a legal standard."); *Meraz*, 785 S.W.2d at 152-54 (finding that a modified *Jackson* standard is not appropriate for reviewing the legal or factual sufficiency of the evidence to reject an affirmative defense and adopting civil standards of review).

[31] *Meraz*, 785 S.W.2d at 149, 153-55.

[32] *Id.*, at 154-55 ("when the courts of appeals are called upon to exercise their fact jurisdiction, that is, examine whether the appellant proved his affirmative defense or other fact issue where the law has designated that the defendant has the burden of proof by a preponderance of evidence, the correct standard of review is whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance of the

In the factual-sufficiency review of a rejected affirmative defense, an appellate court views the entirety of the evidence in a neutral light, but it may not usurp the function of the jury by substituting its judgment in place of the jury's assessment of the weight and credibility of the witnesses' testimony.[33] Therefore, an appellate court may sustain a defendant's factual-sufficiency claim only if, after setting out the relevant evidence and explaining precisely how the contrary evidence greatly outweighs the evidence supporting the verdict, the court clearly states why the verdict is so much against the great weight of the evidence as to be manifestly unjust, conscience-shocking, or clearly biased.[34]

If an appellate court conducting a factual-sufficiency review finds that the evidence supporting the affirmative defense so greatly outweighs the State's contrary evidence that the verdict is manifestly unjust, then the appellate court may reverse the trial court's judgment and remand the case for a new trial. The remedy in both civil and criminal cases for an appellate reversal based upon a factual-sufficiency claim that the jury's verdict is against the

---

evidence so as to be manifestly unjust."); *see also Cleveland*, 177 S.W.3d at 387 (following *Meraz* in assessing factual sufficiency of the evidence to reject defendant's claim of sudden passion); *Howard*, 145 S.W.3d at 335-36 (following *Meraz* in assessing factual sufficiency of the evidence to reject defendant's claim of inability to pay child support).

[33] *Meraz*, 785 S.W.2d at 154; *see also Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000) (factual-sufficiency review requires appellate court to afford "due deference" to a jury's determination); *Cleveland*, 177 S.W.3d at 390-91.

[34] *Meraz*, 785 S.W.2d at 154 n.2 (quoting *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)).

great weight of the evidence is a new trial, not an acquittal.[35]

With that general background, we turn to the present case.

III.

In this case, appellant claimed on direct appeal that the evidence was "legally and factually insufficient to support the jury's rejection of appellant's affirmative defense of inability to pay."[36]  The court of appeals set out appellant's argument concerning Counts I and II:

> [H]e was in jail the entire two months in which it was alleged that he failed to pay child support.  Further, Appellant contends that, even when he was not in jail, he was in a rehabilitation center that limited his ability to earn extra income to pay child support.[37]

The court of appeals then stated that, in *Meraz*, this Court "discussed the standard of review for a criminal case involving an affirmative defense in which the defendant has the burden of proof."[38]  That is true, but what we did not make particularly clear in *Meraz* was that we were discussing *only* factual sufficiency and whether the "the adverse resolution of [the

---

[35] *See id.* at 156 (affirming judgment of court of appeals remanding the case for a new competency trial based on the defendant's factual sufficiency challenge); *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex. 1988) (court of appeals may reverse and remand a case for new trial if it concludes that the jury's "failure to find" is against the great weight and preponderance of the evidence); *see, e.g.*, Cleveland, 177 S.W.3d at 388 n.9 ("an appellate court holding that factual insufficiency of the evidence to support the jury's negative finding on the issue of sudden passion would result in a remand for a new punishment trial").

[36] Appellant's Brief on Direct Appeal at iii.

[37] *Matlock*, 2012 WL 426613, at *8.

[38] *Id.* at *9.

defendant's] incompetency plea was against the great weight and preponderance of the evidence."[39]  Thus, the court of appeals in *Meraz*, having found that the jury's finding of competency was against the great weight of the evidence, remanded the case for a new competency trial based on Meraz's factual-sufficiency claim.[40]   We affirmed that disposition.[41]

In the present case, the court of appeals conflated the distinct legal and factual sufficiency standards in stating that

> when courts of appeals examine whether an appellant proved his affirmative defense by a preponderance of the evidence, the correct standard of review is whether after considering all of the evidence relevant to the issue, the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust.[42]

That is the factual-sufficiency standard of review for affirmative defenses.  And if the defendant's factual-sufficiency claim is sustained, then he is entitled to a new trial in which he may once again raise his affirmative defense.  In this case, the court of appeals applied the standard of review for *factual* sufficiency and sustained appellant's claim on Count I.

---

[39] *Meraz*, 785 S.W.2d at 147-48.  The court of appeals had already rejected Meraz's claim that the evidence was legally insufficient to support an adverse finding on his incompetency claim because there was "some evidence"–more than a mere scintilla–of competency. *Meraz v. State*, 714 S.W.2d 108, 115 (Tex. App.–El Paso 1986) (rejecting defendant's claim that "the jury's verdict [on competency] was contrary to the evidence as a matter of law"), *aff'd*, 785 S.W.2d 146 (Tex. Crim. App. 1990).

[40] *Id.* at 109.

[41] *Meraz II*, 785 S.W.2d at 156 (affirming court of appeals's judgment).

[42] *Matlock*, 2012 WL 426613, at *9.

However, it rendered a judgment of acquittal as if it had granted his *legal* sufficiency claim.

The State Prosecuting Attorney (SPA) argues that the court of appeals erred by failing to apply the modified *Sterner v. Marathon Oil Company* legal-sufficiency standard to appellant's claim. We agree. The court of appeals was required to first decide if there was "some" evidence to support a reasonable jury's finding that appellant had the ability to pay his child support on February 1, 2006. If there was some evidence, then the court must reject appellant's legal sufficiency claim.[43] If there was no such evidence, then the court must examine the entire record to see if appellant established his inability to pay as a matter of law.[44] His legal sufficiency claim "should be sustained only if the contrary proposition is conclusively established."[45]

The SPA also argues that the court of appeals erroneously held that "the fact of incarceration alone" satisfied either the legal-sufficiency or factual-sufficiency standard. We

---

[43] *Sterner*, 767 S.W.2d at 690.

[44] *Id.*

[45] *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). After setting out its standard of review in this case, the court of appeals stated that "[e]ven if the only evidence offered on the question of the affirmative defense is produced by the defendant, 'the jury may accept or reject any or all of the testimony of any witness.'" *Matlock*, 2012 WL 426613, at *10 (quoting *Madrid v. State*, 595 S.W.2d 106, 118 (Tex. Crim. App. 1979)). In the context of civil legal-sufficiency review involving a preponderance-of-the-evidence standard, that statement must be modified slightly after *City of Keller* to read: "The jury may accept or reject any or all of the testimony of any witness if a reasonable juror could do so" or, more generally, "Evidence can be disregarded whenever reasonable jurors could do so." *City of Keller v. Wilson*, 168 S.W.3d 802, 811 (Tex. 2005). Conversely, "an appellate court conducting a legal sufficiency review cannot 'disregard undisputed evidence that allows of only one logical inference.' By definition, such evidence can be viewed in only one light, and reasonable jurors can reach only one conclusion from it. Jurors are not free to reach a verdict contrary to such evidence[.]" *Id.* at 814.

agree with the State's position in the abstract.  But we do not read the lower court's opinion as holding (and the record does not reflect) that appellant established his "inability to pay" affirmative defense based solely upon the evidence that he had been incarcerated for the eleven months preceding the child support payment due on February 1, 2006.  Appellant testified that he had no savings and no other sources of income during at least some of that time.  However, we note that, if the court of appeals intended to reverse a jury's verdict using a factual-sufficiency review under *Meraz*, it must "detail [all of] the evidence relevant to the issue" and "state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict."[46]

Because the court of appeals conflated the standards for legal and factual sufficiency review, we are uncertain if it found that appellant had conclusively established his "inability to pay" affirmative defense as a matter of law.  Given its analysis, the court of appeals may have thought that the evidence supporting the jury's implicit rejection of appellant's affirmative defense was against the great weight of the evidence under a *Meraz* factual sufficiency claim.  If the court thought that the jury's failure to find that appellant was unable to pay child support on February 1, 2006, was against the great weight of the evidence, then it should reverse the conviction on Count I and remand the case for a new trial on that count.  Or the court of appeals might reach an entirely new conclusion based upon the standards of review that we have set out above.

---

[46] *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

We therefore reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.

Delivered: February 27, 2013
Publish

## Appendix

| CLAIM | BASIS | PROOF REQ'D | REMEDY |
|---|---|---|---|
| **SUFFICIENCY** to support conviction | Federal Constitution<br><br>*Jackson v. Virginia* | Viewing the evidence in the light most favorable to the verdict whether any rational trier of fact could find the essential elements beyond a reasonable doubt. | Acquittal |
| **LEGAL SUFFICIENCY** to reject defendant's affirmative defense | no evidence; legally insufficient evidence as a matter of law<br><br>*Sterner v. Marathon Oil* | 2-step modified *Sterner* test:<br><br>1. Search for evidence supporting finding; ignoring contrary evidence unless unreasonable to do so. If more than a scintilla, evidence is legally sufficient. If not,<br><br>2. Determine if evidence is so conclusive that the defendant's claim was established as matter of law. | Acquittal |
| **FACTUAL SUFFICIENCY** to reject defendant's affirmative defense | finding against the great weight and preponderance of the evidence<br><br>(bias, manifestly unjust, conscience-shocking)<br><br>*Pool v. Ford Motor Co.* | 1. Set out all relevant evidence, viewing it in a neutral light, but deferring to the jury's weight and credibility choices.<br><br>2. Explain precisely how the contrary evidence outweighs.<br><br>3. Document why the verdict is so much against the great weight of the evidence. | New Trial |