

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00707-CR

Alonso Tarango **MENDOZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR11474
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 18, 2013

AFFIRMED

Alonso Mendoza was convicted of capital murder and sentenced to life imprisonment for killing his wife and her lover. Mendoza challenges his conviction in three points of error. His first point of error alleges there was legally insufficient evidence for the jury to reject his claim of self-defense. His second and third points of error allege that the trial court erroneously admitted evidence in violation of Rule 403. We affirm.

## BACKGROUND

Mendoza did not contest at trial that he shot his wife, Misty Espinoza, and her lover, Clarence Blades, at a Dollar General where both victims worked. However, he testified that he shot Blades in self-defense as Blades ran toward him with a box-cutter, but admitted he shot Espinoza in anger. Other evidence at trial included video recordings from the store's security cameras, a video recording of the crime scene, and a 9-1-1 call from a customer at the store.

As part of the jury charge, the trial court submitted a self-defense instruction to the jury with respect to Mendoza's killing of Blades. Accordingly, the charge allowed the jury to find Mendoza (1) not guilty, (2) guilty of murder for killing Espinoza, or (3) guilty of capital murder for killing both Espinoza and Blades. *See* TEX. PENAL CODE ANN. § 19.03(a)(7)(A)(West 2011) (person commits capital murder by killing more than one person in the same criminal transaction). The jury convicted Mendoza of capital murder.

## LEGAL SUFFICIENCY

By finding Mendoza guilty of capital murder, the jury implicitly rejected Mendoza's claim that he killed Blades in self-defense. The Court of Criminal Appeals has adopted a two-part test when reviewing a jury's implicit adverse finding with respect to an affirmative defense. *Matlock v. State*, 392 S.W.3d 662, 669 (Tex. Crim. App. 2013). Our first task is to examine the record for all evidence supporting the jury's implied finding that Mendoza did not act in self-defense. *See id.* We disregard all evidence supporting Mendoza's claim of self-defense unless a reasonable factfinder could not do so. *See id.* If no evidence supports the jury's finding that Mendoza did not act in self-defense, our next task is to determine whether Mendoza established self-defense as a matter of law. *See id.* If evidence supports Mendoza's claim of self-defense, but that evidence was subject to a credibility assessment and a reasonable jury could disbelieve it, we may not consider

that evidence as supporting Mendoza's claim. *See id.* at 670. Mendoza must meet both parts of the test to prevail on his legal insufficiency claim.

Assuming *arguendo*, that Mendoza carried his burden of showing no evidence supported the jury's implicit finding that he did not act in self-defense, Mendoza did not meet his burden to show that he proved self-defense as a matter of law. The store's security cameras show Mendoza and Espinoza talking for several minutes before Mendoza becomes visibly upset and pushes her out of view of the security cameras. Blades does not appear in the recordings. The final violent altercation happened off-screen—leaving Mendoza as the only living eyewitness to the shooting. His entire claim of self-defense hinged on his credibility, and the jury implicitly discredited Mendoza's account of the shooting by rejecting his self-defense claim. We may not disturb the jury's credibility assessment, and thus we hold Mendoza failed to prove that, as a matter of law, he acted in self-defense. *See id.* We overrule Mendoza's first point of error.

### ADMISSION OF EVIDENCE

*9-1-1 Recording*

The State introduced into evidence a recorded 9-1-1 call from a Dollar General customer who called 9-1-1 after hearing gunshots. Mendoza claims the recording was unfairly prejudicial and cumulative because the witness testified at trial. 9-1-1 calls are admissible in the guilt/innocence phase to "'provide a framework within which the particulars of the State's evidence could be developed' even though the evidence 'did not of itself establish any material fact not otherwise proven in the balance of the State's case.'" *Estrada v. State*, 313 S.W.3d 274, 300 (Tex. Crim. App. 2010) (citing *Webb v. State*, 760 S.W.2d 263, 276 (Tex. Crim. App. 1988). We overrule Mendoza's second point of error.

*Crime Scene Videotape*

The State introduced a video recording of the crime scene taped shortly after the police arrived and began their investigation. The recording shows pools of blood where the bodies originally came to rest and technicians handling Blades's body, including a close-up view of a bullet hole. The trial court admitted the tape without audio. Mendoza claims the video recording resulted in unfair prejudice and needlessly duplicated the medical examiner's testimony and previously admitted crime scene photographs. Both arguments have been rejected by the Court of Criminal Appeals in similar contexts. *Ripkowski v. State*, 61 S.W.3d 378, 392 (Tex. Crim. App. 2001); *Ladd v. State*, 3 S.W.3d 547, 568–69 (Tex. Crim. App. 1999). We overrule Mendoza's third point of error.

## CONCLUSION

We overrule Mendoza's three points of error and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish