**AFFIRMED; Opinion Filed March 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01124-CR

### SHARRI KAYE EVENSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 4
Collin County, Texas
Trial Court Cause No. 004-87496-2011**

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Moseley

Sharri Kaye Evenson appeals her conviction for theft of property valued between $50 and

$500. In three issues she argues: the trial court erred by denying her motion for continuance,

thereby violating her constitutional right to confront her accuser and to compulsory process, and

that the evidence is legally insufficient to show she acted intentionally or knowingly. The

background of the case and the evidence adduced at trial are well known to the parties; thus, we

do not recite them here in detail. Because all dispositive issues are settled in law, we issue this

memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

While shopping at a JCPenny store, Evenson made several purchases to take advantage of

sales. A loss prevention officer, Analisa Brown, observed Evenson over a surveillance video

camera. According to testimony, Brown saw Evenson place a necklace into her bag without

paying for it. Brown entered the sales floor to investigate, and observed Evenson take additional

merchandise. Brown stopped Evenson as she was exiting the store. Brown and her boss, Joe Medina, a loss prevention supervisor at JCPenny, questioned Evenson and found eight pieces jewelry in her bag that were not listed on her receipts. Medina prepared a loss prevention report describing the incident. Evenson was charged with theft of property.

Before trial, Evenson filed a motion for continuance, which the trial court denied. At trial, the court found Evenson guilty. She now appeals her conviction.

In Evenson's first and second issues, she argues the trial court erred by denying her motion for continuance. To preserve error on appeal, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated "the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a). An objection must allow the trial court to understand the precise grounds and to make an informed ruling. *Dallas Cnty. v. Crestview Corners Car Wash*, 370 S.W.3d 25, 43 (Tex. App.—Dallas 2012, pet. denied).

On appeal, Evenson contends the denial of her motion for continuance deprived her of the opportunity to question Medina, who did not testify at trial. Evenson alleges that by not giving her enough time to question Medina about the incident report, the trial court denied her the right to confront her accuser under the United States Constitution, Texas Constitution, and the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1 §10; TEX. CODE CRIM. PRO. ANN. arts. 1.05, 1.25 (West 2005). Evenson further argues the trial court violated her right to compulsory process under the U.S. and Texas Constitutions by not giving her additional time to obtain medical records, which may have negated the mens rea or reduced her punishment. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1 §10; TEX. CODE CRIM. PRO. ANN. art. 1.05.

However, Evenson's motion for continuance merely states that she was attempting to obtain medical records and that her trial counsel would be out of the country for a week before trial. The motion did not inform the trial court that she needed to question Medina or any other potential witness. It does not argue that denying the motion would violate her constitutional rights to confront her accuser or to compulsory process. It does not explain why her medical records were relevant to the trial for theft.

On appeal, Evenson does not identify any other part of the record where her confrontation clause or compulsory process arguments are preserved. Because the motion for continuance did not state the grounds for the desired ruling with sufficient specificity, we overrule Evenson's first and second issues.

In Evenson's third issue, she argues the evidence at trial was insufficient to support the verdict because the evidence does not show she knowingly or intentionally appropriated property. We review a challenge to the sufficiency of the evidence for an offense that the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.* We review all evidence in the record and consider its combined cumulative force. *Merritt v. State*, 368 S.W.3d 516, 526 (Tex. Crim. App. 2012). Intent may be inferred from circumstantial evidence, such as the accused's acts, words, or conduct. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).

Brown, a loss prevention officer, testified that she saw Evenson drop jewelry in her bag without paying for it. Brown saw Evenson do so both via the surveillance camera and while Brown was on the sales floor. The court, the trier of fact, observed a surveillance video of the

–3–

incident.  Although, Evenson testified that she was confused and that the jewelry was placed in her bag by mistake, either by her or a store clerk, we defer to the fact finder's credibility determination.  *See Matlock*, 392 S.W.3d at 667.  We overrule Evenson's third issue.

We affirm the trial court's judgment.

/Jim Moseley/  
JIM MOSELEY  
JUSTICE

Do Not Publish  
TEX. R. APP. P. 47  
121124F.U05

–4–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHARRI KAYE EVENSON, Appellant

No. 05-12-01124-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 4, Collin County, Texas
Trial Court Cause No. 004-87496-2011.
Opinion delivered by Justice Moseley.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of March, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE