

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1662-13

**CHARLES E. BUTCHER, II, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE ELEVENTH COURT OF APPEALS
TRAVIS COUNTY**

**MEYERS, J., filed a dissenting opinion.**

## D I S S E N T I N G   O P I N I O N

The majority and concurring opinions both agree with the court of appeals that the evidence in this case was legally and factually sufficient to reject the defendant's claim that he voluntarily released the victim in a safe place. The majority, however, has characterized the safe place provision as an affirmative defense and analyzed it under the (likely incorrect) standard discussed in *Matlock v. State*, 392 S.W.3d 662 (Tex. Crim. App. 2013). The safe place provision, however, even though the defendant has the burden to prove it, is not an

affirmative defense; it is a mitigation issue. Therefore, the standard for analyzing affirmative defenses should not be employed. The defendant had the burden to prove he voluntarily released the victim in a safe place, and we should now be asking whether the defendant met this burden. In answering this question, however, it is problematic to have the jury deciding, from an objective standpoint, rather than from the defendant's subjective view, whether the place in which the victim was released was safe. Allowing a jury to decide after the fact whether a kidnapper acted in line with the provision is incompatible with the spirit and purpose of the statute, which is to encourage kidnappers to safely release their subjects. Therefore, the charge to the jury on the safe place provision should have been based upon whether the defendant perceived the place to be safe and whether that perception was rational and justified. Today's holding renders the provision useless, as this case seems to exemplify precisely the circumstances to which this provision should apply.

Rather than using the laundry list of factors discussed in the majority's opinion in trying to determine whether a place is safe or not, we should be looking to whether the defendant was attempting to comply with the statute. Because a kidnapper will obviously not be aware of these factors, I do not believe that looking at them after-the-fact is a valid way of analyzing this issue. Using this method means that even a defendant who made a good-faith effort to safely return his victim may not be able to employ this defense. Irrespective of whether a location is absolutely safe, if a defendant avoided what he would consider to be unsafe places, this defense should apply. Appellant, for example, drove JG back to where he

found her after she explained that she did not know how to get home from the first location he released her. This demonstrates a clear intent to return the victim safely, and allowing a jury to reject this defense undermines the Legislature's intent in promulgating the provision.

Further, when a defendant returns their kidnapping victim to the precise place from which the victim was taken, there should not have to be a determination at all as to whether the location is safe or not, as long as the victim was voluntarily present in that place. Regardless of whether a jury would determine the location to be safe, it is where the victim chose to be (or in this case, where the victim's parent chose for the child to be). In these situations, the determination of whether the location is safe or not has already been made by the victim, or the victim's guardian, with no input from the defendant. If a woman is kidnapped from her home where she lives with her violently abusive husband, would such a defendant not be able to use this affirmative defense when he returns the woman to her own home? I believe we should continue to encourage defendants to return their victims, rather than discourage such an act with decisions such as the majority's today.

Unless a variance is shown, such as the victim not voluntarily being in the place he or she was taken from, I believe it is unreasonable for any factfinder to reject this mitigating circumstance of safe release and that such a verdict is manifestly unjust. For the foregoing reasons, I would reverse the decision of the court of appeals and, therefore, I respectfully dissent.

Meyers, J.

Filed: January 28, 2015

Publish