**Affirmed and Opinion Filed April 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

___

### No. 05-14-00219-CR

___

## GLADYS BROWN, Appellant
## V.
## THE STATE OF TEXAS, Appellee

___

On Appeal from the 195th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F08-00591-N

___

### MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

Gladys Brown was charged with assault of a public servant. She waived her right to a jury trial and the trial court found her guilty after a bench trial. The trial court sentenced her to six years in prison, suspended sentence, and placed her on community supervision for six years. In two issues, Brown contends the trial court erred by determining she was not indigent and that the evidence is insufficient to prove she hit the complainant in the face. We affirm the trial court's judgment.

Regarding Brown's first issue, Brown filed an unsworn motion for appointment of appellate counsel and pauper oath after her conviction. Brown asserts the trial court denied her motion without a written order on the same day it was filed. However, there is no indication in the record of a ruling by the trial court on this motion, other than counsel's statement in a letter to the court reporter that the trial court determined Brown was not indigent. To preserve a

complaint for appeal, the record must show a timely, specific objection and a ruling by the trial court. TEX. R. APP. P. 33.1(a). Further, the pauper oath and motion were not sworn. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04; TEX. R. APP. P. 20.2; *Whitehead v. State*, 130 S.W.3d 866, 872-73 (Tex. Crim. App. 2004) (appointment-of-counsel statute and appellate rule allowing free appellate record do not give trial court option to rule on unsworn motion). We overrule Brown's first issue.

Brown's second issue challenges the sufficiency of the evidence to support her conviction. Specifically, she claims that because her hands were swollen from chemotherapy treatments, she could not have hit the complainant in the head as alleged in the indictment.

We review a challenge to the sufficiency of the evidence of a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). Under this standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.*

As applicable here, a person commits assault if the person intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2014). The offense is a third degree felony if the offense is committed against "a person the actor knows is a public servant while the public servant is lawfully discharging an official duty . . . ." *Id.* § 22.01(b)(1). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id.* § 1.07(a)(8).

The record contains evidence that Officer Kelly Head was working traffic control on April 18, 2008, when she saw Brown speeding and signaled for Brown to pull her vehicle over. Head was wearing her police uniform at the time. Head asked Brown for identification and proof of insurance, but Brown refused to comply. Brown told Head she was not speeding and

asked to see the laser speed-detection equipment. After arguing for a time, Head placed Brown under arrest and asked Brown to exit the vehicle. When Brown refused, Head reached in to unlock and open the door. Brown resisted Head's efforts and the two struggled. Brown tried to make a call on her cellphone. When Head tried to grab the phone, Brown attempted to burn Head's hand with a cigarette. Head testified that during the struggle, Brown slapped Head across the right side of her face. Head's glasses were knocked off and her face stung from the blow. Head told Brown not to strike her again, then tried to unbuckle Brown's seatbelt. Brown continued to struggle and that is when Head struck Brown in the face.

Officer Harris arrived on the scene after Brown stopped her vehicle. He did not see Brown hit Head, but did see Head struggling with Brown and trying to get control of her hands. Harris testified both Head and Brown had "busted lips" after the incident.

A video recording from Head's vehicle was introduced in evidence. The recording shows only a constable vehicle parked in front of Head's vehicle, but the audio records some of the interaction between Head and Brown. Brown can be heard refusing to give Head her license. Later, Brown states that Head hit her, and Head responds that she hit Brown only after Brown first hit Head in the face.

Brown testified she never hit Head and her hands were swollen due to chemotherapy medication she was taking at the time of the incident. The trial court admitted two photographs showing Brown's hands as they looked that day.

Brown argues the condition of her hands made the prospect of her hitting Head so remote that it is implausible. However, there is evidence in the record that Brown was able to use her hands to operate her vehicle, to smoke a cigarette, and to use a cellphone. When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the verdict, and we defer to that determination. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (observing that it is

the fact-finder's duty "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts") (quoting *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781).

Considering all the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found Brown guilty of assault of a public servant beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). We overrule Brown's second issue.

Having overruled Brown's issues on appeal, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
140219F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

GLADYS BROWN, Appellant

No. 05-14-00219-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-0800591-N.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of April, 2015.