**Opinion filed August 8, 2019**



### In The

# Eleventh Court of Appeals

_____

## No. 11-17-00245-CR

_____

## JUAN GONZALES, JR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR47775**

## M E M O R A N D U M   O P I N I O N

Juan Gonzales, Jr. pleaded guilty to the murder of Kathy Lujan and to tampering with physical evidence, a human corpse. Appellant elected to have the jury assess his punishment. The jury found an enhancement allegation to be true and assessed punishment at confinement for life and a $10,000 fine on each of the two charges. The trial court ordered that the sentences were to run concurrently. Appellant presents two issues on appeal. We affirm.

On May 11, 2016, Appellant and Lujan argued about Appellant's taking Lujan's money and about Lujan's phone conversation with someone. After a scuffle, Appellant choked Lujan and killed her. After he killed Lujan, Appellant wrapped

Lujan's body in moving blankets, put the body into a vehicle, and drove to an oil field where he hid the body.

In his first issue, Appellant maintains that he is entitled to a reversal because the State made improper jury arguments. Appellant did not object to any of the arguments or statements about which he now complains. Although there are valid reasons as to why counsel might withhold objections in any given case, because Appellant chose not to object in the trial court, he has waived the complaints and presents nothing for review. *See* TEX. R. APP. P. 33.1(a); *Valencia v. State*, 946 S.W.2d 81, 82–83 (Tex. Crim. App. 1997); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). We overrule Appellant's first issue.

In Appellant's second issue, he asserts that the evidence was insufficient to support the jury's rejection of his claim of sudden passion. Murder is typically a first-degree felony. TEX. PENAL CODE ANN. § 19.02(c) (West 2019). But at the punishment phase of a trial, "the defendant may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause. If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree." *Id.* § 19.02(d); *see McKinney v. State*, 179 S.W.3d 565, 569 (Tex. Crim. App. 2005).

"Sudden passion," under the circumstances of this case, means passion provoked by the decedent that "arises at the time of the offense and is not solely the result of former provocation." PENAL § 19.02(a)(2). An "adequate cause" is a cause that would "commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." *Id.* § 19.02(a)(1).

The issue of sudden passion is akin to an affirmative defense because the defendant has the burden of proof by a preponderance of the evidence. *See Matlock v. State*, 392 S.W.3d 662, 667 n.14, 671 (Tex. Crim. App. 2013);

2

*Bradshaw v. State*, 244 S.W.3d 490, 502 (Tex. App.—Texarkana 2007, pet. ref'd). As an affirmative defense, sudden passion may be evaluated for legal and factual sufficiency, even after the Court of Criminal Appeals issued its opinion in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). *See Butcher v. State*, 454 S.W.3d 13, 20 (Tex. Crim. App. 2015); *Matlock*, 392 S.W.3d at 667, 669–72.

In a legal sufficiency review of an affirmative defense, reviewing courts should first examine the record for a scintilla of evidence favorable to the factfinder's finding and disregard all evidence to the contrary unless a reasonable factfinder could not. *Butcher*, 454 S.W.3d at 20; *Matlock*, 392 S.W.3d at 669–70. The factfinder's rejection of a defendant's affirmative defense should be overturned for lack of legal sufficiency only if the appealing party establishes that the evidence conclusively proves his affirmative defense and that "no reasonable [factfinder] was free to think otherwise." *Butcher*, 454 S.W.3d at 20 (alteration in original) (quoting *Matlock*, 392 S.W.3d at 670).

In a factual sufficiency review of a finding in which an affirmative defense is rejected, we examine all the evidence in a neutral light. *Butcher*, 454 S.W.3d at 20; *Matlock*, 392 S.W.3d at 671. When a factfinder rejects a defendant's affirmative defense, that finding cannot be overturned unless, after it sets out the relevant evidence that supports the verdict, the appellate court clearly states why the verdict is so against the great weight of the evidence as to be manifestly unjust, conscience-shocking, or clearly biased. *Butcher*, 454 S.W.3d at 20; *Matlock*, 392 S.W.3d at 671.

In our review of Appellant's legal sufficiency challenge, we first review the evidence supporting the jury's rejection of Appellant's claim of sudden passion. *See Matlock*, 392 S.W.3d at 670. Appellant told the jury that Lujan confronted him in the kitchen, argued with him, pushed him, and grabbed him by the shirt. Appellant further testified that he hit Lujan in the face and that they both fell to the ground and

3

wrestled. Lujan slapped Appellant a few times, and then Appellant choked her. These actions do not equate to adequate cause for sudden passion. *See McKinney*, 179 S.W.3d at 570 (concluding that the victim yelling at and pushing the defendant did not "rise to the level of adequate cause"); *Gaona v. State*, 498 S.W.3d 706, 711 (Tex. App.—Dallas 2016, pet. ref'd) (concluding that the victim yelling at, arguing with, cursing at, and demanding to fight the defendant did not "amount to an adequate cause to support a finding of sudden passion").

Further, a "defendant may not rely on a cause of his own making, such as precipitating a confrontation, to support his argument that he acted out of sudden passion arising from adequate cause." *See Smith v. State*, 355 S.W.3d 138, 149 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Here, the jury could have concluded that Appellant precipitated the confrontation that led to Lujan's death. Appellant admitted that he and Lujan fought because Lujan was upset that Appellant stole Lujan's money and because Appellant argued with Lujan about whom she had spoken with on the phone. Thus, the jury was free to reject Appellant's claim of sudden passion.

The jury also viewed a videotaped interview between Appellant and Detective Rosie Rodriguez. In that interview, Appellant told Detective Rodriguez that, when he found Lujan lying facedown on the kitchen floor with a cut on her head, he panicked and hid her body. This contradictory statement from Appellant supports the jury's rejection of Appellant's claim of sudden passion.

Appellant also claimed to have "lost control" and choked Lujan in a "blind rage." However, this assertion was inherently dependent on the jury's evaluation of his credibility. The jury was free to reject any or all of his version of the events. Appellant's testimony did not prove his claim of sudden passion. Accordingly, for these reasons, Appellant's legal sufficiency challenge to the jury's rejection of his claim of sudden passion must fail. *See Matlock*, 392 S.W.3d at 670.

4

In reviewing Appellant's factual sufficiency challenge to the jury's rejection of his claim of sudden passion, we review all the evidence in a neutral light to determine if the contrary evidence greatly outweighs the evidence that supports the jury's determination. *See id.* at 671. The contrary evidence in this case consisted of Appellant's version of the altercation, which the jury rejected. Appellant's version of the encounter did not greatly outweigh the evidence that supported the jury's rejection of Appellant's claim of sudden passion. Based on all the evidence, the jury could have disbelieved Appellant's narrative of events and inferred from other evidence that Appellant's acts were purposeful, rather than a result of sudden passion. Viewing the evidence in a neutral light, we find that the jury's answer to the sudden passion special issue was not so against the great weight and preponderance of the evidence as to be manifestly unjust or clearly wrong.

We hold that there was legally and factually sufficient evidence for the jury to have evaluated and rejected Appellant's defensive claim of sudden passion. We overrule Appellant's second issue on appeal.

We affirm the judgments of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

August 8, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.