**AFFIRMED; Opinion Filed July 30, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01702-CR**
**No. 05-11-01703-CR**

**PRESTON QUINN BOAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80538-07 and 401-80539-07**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

Preston Quinn Boan appeals from two jury convictions for injuring his grandparents for which he was sentenced to forty years and ten years' confinement concurrently. In a single issue, Boan asserts the jury's rejection of his insanity defense was based on factually insufficient evidence in that it was so against the great weight and preponderance of the evidence as to be manifestly unjust. We affirm the trial court's judgment.

### I. BACKGROUND

The offenses occurred in the early morning hours of January 26, 2007 and followed an argument between Boan and his grandfather. Boan, who was living with his grandparents and aunt at the time, shoved both his grandparents to the ground, repeatedly kicked his seventy-eight-year-old grandmother in the head, and choked and struck his seventy-six-year-old grandfather with a wooden rod. He then took his grandfather's wallet and fled in his grandfather's truck.

Part of the incident in which the assaults occurred was witnessed by Boan's aunt, who called 9-1-1. Responding officers found Boan's injured grandfather on the front porch and Boan's grandmother unconscious in the living room. Boan's grandfather was treated at the hospital for multiple abrasions and bruises and was released that same day. Boan's grandmother was flown to the hospital, where she remained for over two weeks. Boan was arrested six days after the assaults at a rest stop in western Oklahoma.

Boan gave notice prior to trial that he intended to raise the defense of insanity. He was examined by Dr. Michael Pittman, a psychiatrist, who concluded he was insane at the time of the assaults. At the State's request, he was also examined by Dr. Jack Price, a psychologist, who concluded he was sane.

At trial, Boan's aunt testified she was awakened by "[c]rashing noises [and] thuds" around 4:30 the morning of the assaults. She went to the living room to see what was happening, found her mother face down in a pool of blood, and witnessed Boan beating her father with a rod. Boan told her to sit down and that he intended to bind her father's hands behind his back with tape. She pleaded with Boan to not tie her father's hand behind his back because her father's shoulders were "in real bad shape." Boan stopped. Shortly thereafter, Boan left the house.

Oklahoma highway patrol trooper Kendall Johnson testified he found Boan at a rest stop asleep in the grandfather's truck on February 1, 2007. He arrested Boan after learning Boan had two outstanding warrants. According to Johnson, Boan agreed to answer questions, but Boan's answer "seemed to be unusual." For example, when Johnson asked about the truck, Boan replied he had "built [it] by hand" and it was "equipped with a nuclear reactor" and "powered by nuclear propulsion." When Johnson asked about Boan's grandparents, Boan stated he "wanted to place [them] under citizen's arrest . . . [for] cannibalism" because they looked at him "like [he] was a

plate of scrambled eggs and bacon" and "were trying to eat [him]." Johnson testified he believed Boan needed a mental health evaluation, but that Boan was "still cognizant" and knew that cannibalism was an offense. The video-recording of the arrest was played to the jury.

Texas Ranger A.P. Davidson testified he interviewed Boan in Oklahoma. Boan told Davidson he was "on microwave lockdown" and that his grandparents were going to eat him. Boan said his grandparents were "zombies" who "had just wandered in off the street" and "weren't truly his grandparents." Also, Boan told Davidson that there was a conspiracy against him and he was "trying to escape a crime being committed against him, namely murder." In Davidson's opinion, Boan did not actually believe what he was saying. Asked if Boan's statements suggested Boan "seemed to believe" conspiracy, murder, and cannibalism were "wrong," Davidson replied he did. Davidson's interview with Boan was recorded and played to the jury.

Boan's grandmother testified about the assault by Boan and said Boan later apologized in letters he sent to her and her husband. Boan also mailed her a letter post-marked November 1, 2008 that stated as follows:

> [P]lease contact the White House @ 1600 Pennsylvania Ave. NW Washington, D.C. 20500 and say I'm your POW again and I must be a cyborg and in a max security container home now or you must keep I POW!

Price, the psychologist who examined Boan at the State's request, testified that prior to meeting with Boan, he reviewed police reports, law enforcement investigations, the recordings of Boan's arrest and interview with Davidson, and a "significant number" of mental health records from different hospitals. Based upon this information, he believed Boan had "a lot of psychiatric and psychological problems" that "likely . . . constituted a severe mental illness." According to Price, Boan had been given different diagnoses throughout the years, but they all involved "some kind of mood disorder" with a "psychotic component where he held patently false beliefs . . . [or]

–3–

delusions." The last diagnosis of Boan, received a month before the offenses, was depression with psychotic features.

Price testified Boan was cooperative during the evaluation, and his thinking was "logical and goal directed." Boan's beliefs, however, were "bizarre at times." Boan told Price that the government, "especially . . . the Pentagon," told him to take certain actions, including to beat up his grandparents and steal his grandfather's truck. Boan also told Price that he believed "the Pentagon wouldn't tell him to do something . . . wrong." However, Price remarked Boan expressed "a lot of anger" about his grandparents and told Price he struck his grandfather because his grandfather "had an attitude." Boan told Price he was not surprised he was arrested because he beat up his grandparents. In Price's opinion, the assaults on the grandparents were the result of anger and not delusional beliefs. Price believed Boan knew his conduct was wrong, as evidenced by his fleeing the scene, and although Boan suffered from a mental illness, he was not insane at the time of the offenses. Price testified that he would have concluded Boan was insane at the time of the offenses if, absent any "other factors," Boan's knowledge of what is wrong and right was "eclipsed" by his beliefs that (1) his actions were being controlled by the Pentagon and the Pentagon told him to act, or (2) he was justified in harming his grandparents because they were "going to eat him."

Dr. Pittman, the psychiatrist who examined Boan following Boan's notice of his intent to raise an insanity defense, disagreed with Price. He believed Boan was insane at the time of the offenses. Pittman explained he gave more "credence" to Boan's account of the events given following the arrest than Boan's account of the events during the evaluations. This is because of the proximity in time of the earlier interviews to the assaults. Additionally, Pittman spoke with Boan's grandmother who told him that, a few months before the assaults, Boan "had developed this idea" that she and her husband were "cannibals trying to eat him." Pittman opined Boan felt

–4–

justified in hurting his grandparents because they "were going to eat him" and this demonstrated insanity. Pittman also believed Boan was irrational at the time of the assaults because Boan told him he was "going to drive to Egypt but drove to Corpus Christi and then to Oklahoma" instead. On cross-examination, Pittman acknowledged that just three weeks before the assaults, a psychiatrist treating Boan at a state hospital, described Boan as "manipulative." Pittman also acknowledged that "reasonable people could differ" on whether Boan was insane and that he could "certainly" see Price's "point of view."

The jury found Boan guilty of first degree felony injury to an elderly person for assaulting his grandmother and of third degree felony injury to an elderly person for assaulting his grandfather. *See* Tex. Penal Code Ann. § 22.04(a)(1),(3) (West 2012). The trial court assessed punishment for these convictions at forty years' and ten years' confinement, respectively.

## II. REJECTION OF INSANITY DEFENSE

Boan does not dispute he assaulted his grandparents. Rather, in his sole issue, he contends he was insane at the time of the assaults. Boan asserts the evidence is factually insufficient to support the jury's rejection of his insanity defense because his answers to Johnson's and Davidson's questions following his arrest, along with Pittman's testimony, established his insanity.

### A. Applicable Law

The affirmative defense of insanity excuses a defendant from criminal responsibility even though the State has proven every element of the offense beyond a reasonable doubt. *Ruffin v. State*, 270 S.W.3d 586, 592 (Tex. Crim. App. 2008). A defendant asserting an insanity defense must prove by a preponderance of the evidence that at the time of the conduct charged, "as a result of severe mental disease or defect," he did not know his conduct was wrong. *See* Tex.

PENAL CODE ANN. § 8.01(a) (West 2011); *Ruffin*, 270 S.W.3d at 592. In the context of an insanity defense, "wrong" means "illegal." *Ruffin*, 270 S.W.3d at 592. If a defendant knows society considers his conduct illegal, he understands the conduct is "wrong" and he is not insane, even though he may think, due to his mental condition, that the conduct is morally justified. *Id.* While expert testimony may aid the trier of fact in determining the issue of insanity, the ultimate determination is left to the trier of fact. *See Reyna v. State*, 116 S.W.3d 362, 367 (Tex. App.—El Paso 2003, no pet.). A defendant is presumed to be sane and presumed to have intended the natural consequences of his actions. *Ruffin*, 270 S.W.3d at 591.

### B. Standard of Review

In reviewing a jury's rejection of an affirmative defense in a criminal case, an appellate court uses the traditional Texas civil standards of review. *See Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). That means, in a factual sufficiency challenge, that the appellate court views all the evidence in a neutral light and reverses the trial court's judgment only if the verdict is so against the great weight of the evidence as to be "manifestly unjust, conscience-shocking, or clearly biased." *Id.* at 671. Under this standard, the reviewing court gives deference to the trier of fact's resolution of any conflicts in testimony, weight of the evidence, and credibility determinations. *See Fisher v. State*, 397 S.W.3d 740, 745 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

### C. Application of Law to Facts

Viewing the evidence in a neutral light, the record reflects the jury heard testimony that Boan had a long history of mental illness and had been consistently diagnosed with a "mood disorder [with] a psychotic component." He had been hospitalized several times, including a few weeks before the assaults. His thoughts, following the assaults, were "unusual," but both Johnson and Davidson, who spoke with Boan following his arrests, believed Boan knew what

was wrong and what constituted an offense. The record further reflects the jury also heard conflicting expert testimony, testimony from Boan's grandmother that Boan subsequently apologized, and testimony from Boan's aunt that Boan did not carry through on his threat to bind the grandfather's hands after she pleaded with him and told him that the grandfather was "in real bad shape." On this record, we conclude that, while some testimony was presented that Boan suffered from a mental illness and was insane at the time of the assaults, other testimony was presented supporting the fact that he was not insane at the time of the assaults. The evidence that Boan was not insane was not so against the great weight of all the evidence as to be "manifestly unjust, conscience-shocking, or clearly biased." *See Fisher*, 397 S.W.3d at 745 (concluding jury's rejection of insanity defense was not so against the great weight of evidence as to be manifestly unjust where officers, who interacted with appellant at different times prior to and after her arrest, did not believe appellant had any mental health problems and experts gave conflicting testimony). Although Boan argues his answers to Johnson's and Davidson's questions following his arrest was evidence demonstrating he was insane at the time of the assaults, the jury heard recordings of the conversations Boan had with Johnson and Davidson, and was able to make its own determination regarding Boan's state of mind. *See id.* Further, although Boan also argues Pittman's testimony established he was insane, the ultimate determination of whether he was insane was for the jury. *See Reyna*, 116 S.W.3d at 367. By returning a verdict of guilty, the jury necessarily determined Boan was sane. We will not disturb that finding. *See Fisher*, 397 S.W.3d at 745. We resolve Boan's sole issue against him.

## III. CONCLUSION

Having resolved Boan's sole issue against him, we affirm the trial court's judgment.

    /Douglas Lang/
DOUGLAS S. LANG

Do Not Publish
Tex. R. App. P. 47
111702F.U05

JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

PRESTON QUINN BOAN, Appellant

No. 05-11-01702-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 4011-80538-07.
Opinion delivered by Justice Lang.  Justices
Myers and Evans participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 30th day of July, 2013.




        /Douglas S. Lang/
        DOUGLAS S. LANG
        JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PRESTON QUINN BOAN, Appellant

No. 05-11-01703-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 4011-80539-07.
Opinion delivered by Justice Lang.  Justices Myers and Evans participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 30th day of July, 2013.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE