**MODIFY and AFFIRM; and Opinion Filed January 21, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00289-CR
### No. 05-14-00290-CR
### No. 05-14-00291-CR

**MATTHEW LOPEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-41241-X, F13-41249-X, and F13-41250-X**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang, and Justice Fillmore
Opinion by Justice Fillmore

A jury convicted Matthew Lopez of aggravated robbery with a deadly weapon, evading arrest or detention using a vehicle, and unlawful possession of a firearm by a felon.[1] The trial court assessed Lopez's punishment for those three offenses at imprisonment for twenty-five years, ten years, and ten years, respectively. In two issues, Lopez contends (1) the judgments in the aggravated robbery and unlawful possession of a firearm cases contain errors, and (2) the trial court erred by submitting a jury charge in the evading arrest case that contained a theory of guilt not supported by evidence. We modify the judgments in the aggravated robbery and

---

[1] The aggravated robbery case was numbered F13-41241-X in the trial court and is numbered 05-14-00289-CR in this Court. The evading arrest using a vehicle case was numbered F13-41249-X in the trial court and is numbered 05-14-00290-CR in this Court. The unlawful possession of a firearm case was numbered F13-41250-X in the trial court and is numbered 05-14-00291-CR in this Court.

unlawful possession of a firearm cases and, as modified, affirm those judgments. We affirm the trial court's judgment in the evading arrest case.

## Background

Enrique Zapata was working on his truck on the side of a road in Mesquite when a vehicle drove up beside him. After feigning conversation, the vehicle's passenger, later identified as Lopez, got out of the vehicle and came up behind Zapata. Lopez held a chrome revolver to Zapata's head and told him to get down on the ground. The vehicle's driver, later identified as Juan Godinez, then approached Zapata and searched his pockets. Godinez took Zapata's cell phone, keys, and cash.

Zapata had earlier called his brother, Anthony Zapata, for assistance with the truck. Anthony arrived while the robbery was in progress. Lopez and Godinez returned to Godinez's vehicle and drove away; the Zapata brothers followed in Anthony's truck. While the Zapatas were in pursuit, Lopez leaned out the window, aimed and fired his gun, and hit the truck. Eventually, Godinez was able to lose the Zapatas in the darkness and the unfamiliar neighborhood.

The Zapatas were able to give police the license plate number on the robbers' vehicle, and the police traced it to Godinez. When questioned, Godinez gave the police Lopez's name, a description of Lopez's vehicle, and the address of Lopez's girlfriend's home. The police placed the girlfriend's residence under surveillance. A man matching Lopez's description left the home and got into a vehicle that matched the description of Lopez's vehicle. Uniformed patrol officer Bruce Sales stopped the vehicle. The driver's side window was down and, as Sales approached the vehicle, he began to instruct Lopez about placement of his hands. Instead of complying with Sales's instructions, Lopez drove off. Sales followed in his Mesquite Police squad car, with lights and sirens activated. The chase continued at high speeds until Lopez wrecked his vehicle,

and was pinned underneath the vehicle at the bottom of a ravine. Sales and other police personnel who arrived on the scene managed to lift the vehicle and pull Lopez out from under the truck. Police found a chrome revolver at the scene of the accident; the ammunition taken from that revolver was consistent with the ammunition fired into Anthony's truck.

The State charged Lopez by indictment with (1) aggravated robbery using a deadly weapon, enhanced by a prior conviction for burglary of a habitation; (2) evading arrest or detention using a vehicle; and (3) unauthorized possession of a firearm by a felon. The jury found him guilty of all three charges. The trial court assessed his punishment for the three offenses at imprisonment for twenty-five years, ten years, and ten years, respectively, to run concurrently.

## Errors in Two Judgments

In his first issue, Lopez contends the trial court's judgments in both cause numbers F13-41241-X (aggravated robbery) and F13-41250-X (unauthorized possession of a firearm) incorrectly indicate his punishment was assessed by the jury, rather than the trial court. Lopez also contends the trial court's judgment in cause number F13-41241-X indicates a plea to the first enhancement paragraph was "N/A," or "not applicable." Lopez asserts he entered a plea of "true" to a single enhancement paragraph and the trial court found the enhancement paragraph to be true. The State agrees with Lopez's contentions, and our review of the record confirms the trial court assessed Lopez's punishment in all three cases, Lopez pleaded "true" in the aggravated robbery case to a prior conviction for burglary of a habitation, and the trial court found the enhancement paragraph to be true.

We may modify a trial court's written judgment to correct a clerical error when we have the necessary information before us to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex.

App.—Dallas 1991, pet. ref'd). We resolve Lopez's first issue in his favor and modify the judgments in cause numbers F13-41241-X and F13-41250-X to indicate Lopez's punishment was assessed by the trial court. We further modify the judgment in cause number F13-41241-X to indicate Lopez pleaded "true" to the first enhancement paragraph and the paragraph was found to be true.

### Submission of Unsupported Theory of Guilt

In his second issue, Lopez argues the trial court erred in submitting a charge in the evading arrest case on a theory of guilt not supported by the record.[2] In cause number F13-4129-X, the State was required to prove that Lopez fled from a person he knew was "a peace officer or federal special investigator attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2014). The status of the person from whom Lopez fled—peace officer or federal special investigator—forms the basis of Lopez's complaint. The State's amended indictment in the evading-arrest case charged that Lopez did:

> unlawfully, then and there intentionally flee from B. Sales, hereinafter called complainant, while complainant was lawfully attempting to arrest and detain the defendant, and the said defendant knew the said complainant was *a peace officer and federal special investigator* attempting to arrest and detain the said defendant,
>
> And further, defendant did use a vehicle while in the flight from the said *officer and investigator*.
>
> (Emphasis added).

The application paragraph in the jury charge nearly mirrors the indictment, although it submitted Sales's status in the disjunctive:

---

[2] In his statement of this issue, Lopez contends the erroneous submission denied his right to a unanimous verdict. He does not brief that point further. Regardless, Lopez's complaint addresses the trial court's submission of the manner or means by which he committed the offense of evading arrest. Jurors returning a general verdict need not be unanimous as to the manner or means by which a criminal act is committed. *See Ngo v. State*, 175 S.W.3d 738, 746 & n.27 (Tex. Crim. App. 2005); *see also Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014) ("But the requirement of jury unanimity is not violated by a jury charge that presents the jury with the option of choosing among various alternative manner and means of committing the same statutorily defined offense."). We, therefore, focus our analysis on Lopez's complaint that the submission was unsupported by evidence at trial.

–4–

> Now, bearing in mind the foregoing instructions, if you find and believe from the evidence beyond a reasonable doubt that the defendant, **MATTHEW LOPEZ,** on or about the 26th day of July, 2013 in the County of Dallas and State of Texas, did unlawfully, then and there intentionally flee from B. Sales, hereinafter called complainant, while complainant was lawfully attempting to arrest or detain the defendant, and the said defendant knew the said complainant was *a peace officer or federal special investigato*r attempting to arrest or detain the said defendant, and further, defendant did use a vehicle while in the flight from the said officer or investigator, then you will find the defendant guilty of the offense of Evading Arrest or Detention using a motor vehicle, as charged in the indictment.

(Emphasis added.)

Lopez contends there was no evidence at trial that Sales was a federal special investigator, and the trial court erred by submitting that status in the jury charge.

Our first duty in analyzing a jury-charge issue is to decide whether error exists. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If error exists, we then determine whether the error caused sufficient harm to warrant reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). In this case, the State concedes no evidence supported a finding that Sales was a federal special investigator, and our review of the record confirms that Sales was never linked to such a status. The trial court, therefore, erred by including in the jury charge the possibility of convicting Lopez of evading arrest based on his fleeing from a federal special investigator. *See Sanchez v. State*, 376 S.W.3d 767, 774 (Tex. Crim. App. 2012) (op on reh'g) (trial court should have narrowed four manner-and-means theories in indictment to two supported by evidence at trial).

We next turn to whether Lopez was harmed by the error. When, as in this case, the error was not objected to, the error must be "fundamental" and requires reversal "only if it was so egregious and created such harm that the defendant 'has not had a fair and impartial trial.'" *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) (quoting *Almanza v. State*, 686 S.W.2d 157, 171 (Tex .Crim. App. 1985) (op. on reh'g)). Egregious harm exists when the record shows that a defendant has suffered actual, rather than merely theoretical, harm from jury-charge

error. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Almanza*, 686 S.W.2d at 174. Egregious harm consists of error affecting the very basis of the case, depriving the defendant of a valuable right, or vitally affecting a defensive theory. *Nava*, 415 S.W.3d at 298 (citing *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011)). We assess harm in light of "the entire jury charge, the state of the evidence (including the contested issues and the weight of probative evidence), the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole." *Nava*, 415 S.W.3d at 298.

Further, because the specific issue in this case is the presence of alternative theories in the charge, we must also measure harm against the likelihood that the jury found Lopez guilty of evading arrest based on a theory of culpability that *was* supported by the evidence. *See Sanchez*, 376 S.W.3d at 775. Thus, the jury's verdict will stand if the evidence is sufficient to support a finding under the alternative theory submitted to the jury, that Sales was, and Lopez knew he was, a peace officer. *See id.* Evidence is sufficient if, when examined in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013).

Sales identified himself at trial as "Officer Bruce Sales." He testified he had been employed by the Mesquite Police Department as a police officer for four years and, during that time, worked as a patrol officer. He was in uniform and in a "typical squad car" that said "Mesquite Police" on the side when he was instructed to follow Lopez's vehicle. He described his car as a "full-marked white squad car with blue silver reflective decals [and] overhead lights." He approached Lopez's vehicle and spoke to Lopez through the open driver's window until Lopez drove away. He testified that while he chased Lopez's vehicle, the squad car's lights

and sirens were activated. Throughout the prosecutor's direct examination, he referred to Sales as "Officer Sales."[3]

Only one other witness made reference to Sales at trial. Josh Troquille, of the Mesquite Police Department, testified he oversaw the undercover surveillance of the suspect believed to be Lopez at his girlfriend's house. Troquille explained that when the suspect left the house, the police planned to have a uniformed officer stop him and identify him. The prosecutor asked Troquille who was going to perform the stop, and Troquille responded:

> Officer Sales is one of our patrol officers. We have a marked police unit stop the vehicle. And he saw the vehicle leaving, and he is the officer that made contact with Matthew Lopez.

Thus, the only third-person testimony referring to Sales confirmed his status as a patrol officer and the fact he would make the stop in a marked car. The testimony also maintained the record's consistent reference to Sales as "Officer Sales."

Although the prosecutor made only a brief argument concerning the evading arrest charge, he referred to the unsupported language in the charge during that argument. However, the prosecutor did not dwell on Sales's status. Indeed, the prosecutor referred to Sales just twice during its closing, both times as "Officer Sales." The defense argument made no challenge to the evading arrest charge at all.

As to the jury charge as a whole, the very first instruction given by the trial court was the definition of the offense of evading arrest. The definition made no reference to the possibility of Sales's having investigator status:

> A person commits the offense of evading arrest or detention using a motor vehicle if he intentionally flees from a person he knows is *a peace officer* attempting lawfully to arrest or detain him, and the person uses a vehicle while in flight from the said officer or investigator.

---

[3] Lopez's counsel did not cross-examine Sales.

(Emphasis added.)

The charge defined "peace officer" by reference to statutes that specifically include a city's police officers within the classification.

We conclude the record contains sufficient evidence for any rational juror to have concluded Sales was a peace officer and to have inferred that Lopez knew Sales was a peace officer. *See Jackson*, 443 U.S. at 319; *Matlock*, 392 S.W.3d at 667. Moreover, having considered the record as a whole, including the state of the evidence, argument of counsel, and the entire jury charge, we conclude the status of the person who stopped and then pursued Lopez was never a contested issue. *See Almanza,* 686 S.W.2d at 171. Instead, uncontroverted evidence established Lopez drove off to evade detention or arrest by a person he knew to be a peace officer. Accordingly, the jury could have found Lopez guilty based on this alternative theory that was supported by the evidence. *See Sanchez*, 376 S.W.3d at 775.

We conclude Lopez did not suffer egregious harm due to the erroneous instruction in the charge. We resolve his second issue against him.

### Conclusion

We modify the trial court's judgments in cause numbers F13-41241-X and F13-41250-X. As modified, we affirm those judgments. We affirm the trial court's judgment in cause number F13-41241-X.

/Robert M. Fillmore/
_____
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140289F.U05

–8–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MATTHEW LOPEZ, Appellant

No. 05-14-00289-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas,
Trial Court Cause No. F13-41241-X.
Opinion delivered by Justice Fillmore, Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment entitled "Punishment Assessed by" is modified to state "Trial Court."

The section of the judgment entitled "Plea to 1st Enhancement Paragraph" is modified to state "True."

The section of the judgment entitled "Findings on 1st Enhancement Paragraph" is modified to state "True."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 21st day of January, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MATTHEW LOPEZ, Appellant

No. 05-14-00290-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas,
Trial Court Cause No. F13-41249-X.
Opinion delivered by Justice Fillmore,
Chief Justice Wright and Justice Lang
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of January, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW LOPEZ, Appellant

No. 05-14-00291-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas,
Trial Court Cause No. F13-41250-X.
Opinion delivered by Justice Fillmore,
Chief Justice Wright and Justice Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the trial court's judgment entitled "Punishment Assessed by" is modified to state "Trial Court."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 21st day of January, 2015.