**AFFIRMED; Opinion Filed January 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-13-01647-CR

_____

### JATHAN MEWBOURN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 2
Collin County, Texas
Trial Court Cause No. 002-80569-2013**

---

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

A jury convicted Jathan Mewbourn of assault causing bodily injury to a member of his family, and the trial court sentenced him to 365 days' confinement. In a single issue, appellant argues the evidence was insufficient to establish he committed the offense. We affirm the trial court's judgment.

### FACTUAL BACKGROUND

The State's first witness at trial was Lela Mewbourn.[1] At the time of the offense, Lela and appellant were married. Although they were not living together, they had contact relating to their children.

---

[1] To differentiate Lela Mewbourn from the appellant, we will refer to Lela Mewbourn as Lela.

On the night of the incident, appellant came to Lela's home to drop off one of their children. Appellant placed the child in bed and then left the house. Lela was talking on the phone and did not speak to appellant. However, Lela testified she followed appellant to the door and locked the door after he left. Lela then continued talking on the phone in her bedroom.

Appellant began calling and texting Lela to ask her to open the door again so he could put the child's car seat inside the house. In response, Lela went to the door, unlocked it, and went back to her room to continue her phone conversation. Although Lela assumed appellant left after delivering the car seat, he did not. After some period of time, appellant "let his presence be known, that he was in the house." Appellant then "started trying to take my phone away from me, screaming, yelling, cussing, like, trying to embarrass me in front of, you know, who I was on the phone with. You know, clawing, grabbing my arm, trying to take the phone away from me." She testified appellant intentionally grabbed her and she felt pain. Once appellant gained control of her phone, he "slams it up against the wall and breaks into a million pieces."

Appellant pushed Lela on to the couch, straddled her with his hand on her throat, and started choking her. Lela felt as though she could not breathe, she thought she would lose consciousness, and she thought she would not live past that night. While he was choking her, "[h]e told me, straight up, that he was going to kill me. He told me also that he would kill my mother and my father and then made a comment about, you know, who would the kids have to live with then if we were all dead." When he stopped choking her, appellant told Lela he was sorry and he left.

The next day, Lela purchased a new phone and called her parents who told her she needed to file a police report. She went to the police station and met with an officer. She testified she talked to her parents before going to the police because "I just wanted their advice on the matter."

–2–

Lela testified she did not seek any medical attention because she did not have insurance and "it wasn't a life-threatening ordeal." She said she was sore, but able to move.

Andrew Schultz, an officer with the Dallas Police Department, testified he met Lela when she came into the police station about noon one day. Lela told Schultz she had been assaulted. Schultz did not observe any marks on her, but stated "[i]t is common that they don't show up when the - - they say it may take a day or two for them to show up if they show up at all." Schultz agreed with appellant's counsel that marks also might not appear because nothing happened. Schultz said that Lela did not bring the broken cell phone to the police department.

LAW & ANALYSIS

We review a challenge to the sufficiency of the evidence of a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.* We defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). When the record supports conflicting inferences, a reviewing court must "presume that the factfinder resolved the conflicts in favor of the prosecution" and defer to that determination. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

The State was required to prove appellant intentionally, knowingly, or recklessly caused bodily injury to Lela, a member of his family and household, by grabbing and pulling her arm and hand and by squeezing her neck with his hand. *See* TEX. PENAL CODE ANN. § 22.01(a); TEX.

FAM. CODE. ANN. §§ 71.003–71.006. Bodily injury means physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8).

Appellant argues the State's evidence is insufficient because, although Lela testified to feeling pain, there is no evidence "to support [Lela's] statement in the form of pictures, signs of injury or urgency in contacting authorities." Further, Lela never sought medical attention, did not immediately notify anyone about the incident, and did not provide her broken cell phone to police. Instead, Lela waited approximately twelve hours to contact authorities and had no visible signs of injury.

In response, the State argues Lela's testimony established all elements of the offense, and appellant's arguments attack Lela's credibility, which is within the exclusive province of the jury.

Lela's testimony showed she was married to appellant and they had children together. She testified appellant intentionally grabbed her and she felt pain. He pushed Lela on to the couch, straddled her with his hand on her throat, and started choking her. Lela felt as though she could not breathe, she thought she would lose consciousness, and she thought she would not live past that night. Lela testified appellant said he would kill her. Although the evidence in the case also showed Lela did not contact the police or her parents for several hours, Lela did not seek help from a neighbor, Lela did not seek medical attention for any injuries, Schulz did not see any marks on Lela's body, and the police did not obtain the broken cell phone, it was the jury's role, as the fact finder, to weigh the evidence and assess Lela's credibility. We defer to the jury's determination.

Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant committed the assault

causing bodily injury and involving family violence. The evidence was sufficient to support the conviction. We overrule appellant's sole issue.

CONCLUSION

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131647F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JATHAN MEWBOURN, Appellant

No. 05-13-01647-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Collin County, Texas
Trial Court Cause No. 002-80569-2013.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of January, 2015.