

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00025-CR

STEVE BALLESTEROS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-434,714, Honorable Jim Bob Darnell, Presiding

February 5, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Steve Ballesteros was convicted of murder and sentenced to eighty years confinement. At trial, he admitted to killing his girlfriend Priscilla Perez by strangulation but sought to obtain a finding of sudden passion during the punishment phase. However, the jury failed to make that finding. He contends the evidence is legally and factually insufficient to support the jury's decision and that he received ineffective assistance of counsel because his counsel failed to call an expert witness

during the punishment phase to opine that he experienced sudden passion.  We affirm the judgment.

*Sudden Passion*

Appellant's offense would have been reduced to a second degree felony if he was able to prove that he caused the death under the immediate influence of sudden passion arising from adequate cause.  TEX. PENAL CODE ANN. § 19.02(d) (West 2011).  Sudden passion is "passion directly caused by and arising out of provocation by the individual killed . . . which passion arises at the time of the offense and is not solely the result of former provocation."  *Id.* § 19.02(a)(2).  Adequate cause is "cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.  *Id.* § 19.02(a)(1).  Ordinary anger is not adequate cause.  *Naasz v. State*, 974 S.W.2d 418, 423 (Tex. App.—Dallas 1998, pet. ref'd).  Moreover, an accused may not rely on a cause of his own making, such as precipitating a confrontation.  *Cornett v. State*, 405 S.W.3d 752, 762 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).  Appellant need only prove this defense by a preponderance of the evidence.  *Id.* § 19.02(d).

When the jury has rejected an affirmative defense in a criminal case, we review the evidence under the civil standards of review.  *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013).  We determine legal sufficiency by examining the record for any evidence that supports the jury's finding while ignoring all evidence to the contrary.  *Id.* at 668.  If no evidence supports the finding, then we examine the entire record to determine whether the evidence establishes the affirmative defense as a matter of law.  *Id.*  A factual sufficiency review requires us to consider all the evidence to determine if

the judgment is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Meraz v. State*, 785 S.W.2d 146, 154-55 (Tex. Crim. App. 1990); *Perez v. State*, 323 S.W.3d 298, 305 (Tex. App.—Amarillo 2010, pet. ref'd).

The evidence shows that appellant and Priscilla had been in and out of a relationship for three years. At times, they lived together and, at other times, appellant moved out and lived with his parents. Appellant and Priscilla accused each other of having affairs with other persons during their relationship, and Priscilla actually became pregnant by another man and had twin daughters. Appellant supported Priscilla during her pregnancy and continued his relationship with her even though he knew the children were not his. In one incident, appellant broke a window in Priscilla's home while trying to get her attention and in another incident was arrested for criminal trespass at Priscilla's house when he believed she had another man in her home. He also admitted to striking her on one occasion.

Appellant spent the night before the murder at Priscilla's home. He left for work but returned to her residence in the afternoon and waited for her. When she did not return on time, he tried to locate her by making telephone calls. He admitted that he suspected she was being unfaithful to him because other men were always calling her phone. When Priscilla arrived home, he went with her into the bedroom and asked to smell her crotch. When he believed that he smelled evidence of sex on her, he "lost it." He lunged for her, began to choke her, and then claimed not to remember anything until he looked down at her and her eyes were closed and her tongue was hanging out. Appellant covered her up, told Priscilla's children not to disturb their mother, and left in Priscilla's vehicle. He later called several persons and told them he had killed Priscilla.

3

After his arrest, appellant told the police that the murder was "premeditated" because she had been having affairs and that he planned to kill her before he got to her house. He further testified at trial that he did not have time to get mad before he killed Priscilla. Given the nature of the relationship, appellant's knowledge that Priscilla had cheated on him before, his suspicion that she was still doing so, and his admission that his action was "premeditated" and he planned to kill her because she was having affairs, there is some evidence to support the jury's failure to find sudden passion. *See Naasz v. State*, 974 S.W.2d at 425 (noting that the defendant was aware of his wife's affairs generally and specifically with one person for some time allowing adequate time for cool reflection and that he could have provoked the incident because his wife's belligerent reaction was a foreseeable response to being tracked down at night by her estranged husband).

As to factual sufficiency, there was evidence that 1) appellant tried to kill himself in a car crash and get the police to kill him prior to his arrest, 2) the detective interviewing appellant did not believe he had thought the murder out and planned ahead to kill Priscilla, 3) appellant testified he did not intend to or knowingly kill her, 4) appellant told police that he just snapped and he was crying during his interview the next day, and 5) appellant testified that what he did happened so fast he did not remember it happening. Determinations of factual sufficiency are generally resolved by an assessment of whether the witness is credible. *Perez v. State*, 323 S.W.3d at 306. The jury was not bound by the detective's assessment of appellant's actions or intent but was obligated to arrive at its own conclusion. That appellant may have sought his own death after the murder or an increased punishment does not necessarily mean he

4

did not plan to commit it. We do not find the jury's determination so against the great weight of the evidence as to be manifestly unjust.

*Ineffective Assistance of Counsel*

Appellant's counsel had hired a psychologist to testify that appellant had experienced sudden passion at the time of the murder. Furthermore, the expert witness was willing and able to testify. In combination with a motion for new trial, trial counsel submitted an affidavit stating that the sole reason he did not call the psychologist to testify was because appellant instructed him not to do so. Now appellant claims his counsel was ineffective for following those instructions. To succeed on a claim for ineffective assistance, appellant must show that counsel's performance was deficient and, that for counsel's errors, there is a reasonable probability that the result would have been different. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

A client must forego that which impedes the ability of his counsel to reasonably perform or he cannot complain about its effect on counsel's performance. *Rodriguez v. State*, 74 S.W.3d 563, 569 (Tex. App.—Amarillo 2002, pet. ref'd). Appellant argues that his counsel had an obligation to override his wishes. The Court of Criminal Appeals rejected this contention in *Sonnier v. State*, 913 S.W.2d 511 (Tex. Crim. App. 1995). In that case, the defendant did not allow his counsel to present mitigating evidence during his punishment hearing. The court said:

> Life is full of choices which in retrospect are regrettable. The law, however, does not recognize this truth as grounds for reversal of a criminal conviction. To the contrary, the basic principle underlying our criminal justice system is that each citizen is free to make choices, even if the choice is clearly a mistake. [Citations omitted.] Neither the trial court nor appellant's attorney was free to override appellant's choice, and we have no authority to review appellant's choice; a defendant's knowing and free choices are owed absolute deference.

5

*Id.* at 523; *accord Ex parte McFarland*, 163 S.W.3d 743, 757 n.45 (Tex. Crim. App. 2005) (stating that a writ applicant "cannot claim that his counsel was constitutionally deficient for abiding by applicant's specific, explicit directive to refrain from contacting or calling specific potential witnesses"); *Duncan v. State*, 717 S.W.2d 345, 348 (Tex. Crim. App.1986) (stating that when a defendant preempts his attorney's strategy by insisting that a particular defense be followed, no claim of ineffectiveness can be made). Given this, appellant cannot complain of ineffectiveness because his counsel acceded to his request. *Id.*

Accordingly, the judgment is affirmed.

Per Curiam

Do not publish.