*1402-15*

NO.04-15-00018-CR

ORIGINAL

IN THE TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

CHARLES ANTHONY L'HERAULT
APPELLANT

v.

THE STATE OF TEXAS
APPELLEE

⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘

PETITION FOR DISCRETIONARY REVIEW

⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘

ON APPEAL FROM THE 175TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS
CAUSE NUMBER 2013-CR-10281

FILED IN
COURT OF CRIMINAL APPEALS

OCT 29 2015

⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘

P.D.R. FROM APPELLANT

Abel Acosta, Clerk

⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘⁘

CHARLES ANTHONY L'HERAULT
T.D.C.J.-C.I.D.#1972430
2400 WALLACE PACK ROAD
NAVASOTA, TEXAS 77868

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 27 2015

Abel Acosta, Clerk

RECEIVED
OCT 2 7 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

(A)IDENTITY OF JUDGE, PARTIES, AND COUNSEL.

   CHIEF  JUSTICE SANDEE BRYAN MARION, KAREN ANGELINI, JASON PULLIAM


   NICHOLAS LaHOOD CRIMINAL DISTRICT ATTORNEY

   ANDREW N. WARTHEN ASSISTANT DISTRICT ATTORNEY

   MICHAEL D. ROBBINS ASSISTANT PUBLIC DEFENDER

(B)TABLE OF CONTENTS: N/A

(C)INDEX OF AUTHORITIES: N/A

(D)STATEMENT REGARDING ORAL ARGUMENTS: N/A

(E)STATEMENT OF THE CASE:N/A

(F)STATEMENT OF PROCEDURAL HISTORY:N/A

(G)GROUNDS FOR REVIEW:N/A

(H)ARGUMENT: N/A

## PRAYER

   Appellant PRAYS this P.D.R. is processed as soon as possible, in
   that he is able to file his 11.07/§2254 within the time limits set
   by the Federal Rules of Appellate Procedure.



(J)APPENDIX: N/A

## UNSWORN DECLARATION

COMES NOW, Charles Anthony Lherault, Petitioner in the above styled and numbered cause, declares under the penalty of perjury that the above is true and correct to the best of my knowledge.

Charles Anthony Lherault
2400 Wallace Pack Road
Navasota, Texas 77868

PRO SE



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00018-CR

Charles Anthony **LHERAULT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR10281
Honorable Mary D. Roman, Judge Presiding

Opinion by:  Jason Pulliam, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  September 30, 2015

AFFIRMED

### BACKGROUND

Charles Lherault was charged with the offenses of assault-family violence by choking or strangulation and continuous family violence. Prior to trial on the merits, a jury was empaneled to determine whether Lherault was competent to stand trial. That jury found Lherault competent to stand trial. Subsequently, another jury convicted Lherault and assessed punishment at confinement for twenty-six years and ten years, respectively.

In one issue on appeal, Lherault contends the first jury's finding that he was competent to stand trial was against the great weight and preponderance of the evidence. Lherault's argument is construed as a challenge to the factual sufficiency of the first jury's competency determination. We affirm the judgment of the trial court.

## Standard of Review

In reviewing a defendant's factual-sufficiency challenge to a jury's competency verdict, the appellate court must consider all the evidence relevant to the issue at hand, and determine whether the judgment is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *Meraz v. State*, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990); *Lasiter v. State*, 283 S.W.3d 909, 916 (Tex. App.—Beaumont 2009, pet. ref'd). The appellate court "views the entirety of the evidence in a neutral light, but it may not usurp the function of the jury by substituting its judgment in place of the jury's assessment of the weight and credibility of the witnesses' testimony." *Matlock v. State*, 392 S.W.3d 662, 671 (Tex. Crim. App. 2013); *see Musgrove v. State*, 422 S.W.3d 13, 17 (Tex. App.—Waco 2013, pet. ref'd). In this neutral light, the appellate court determines whether the evidence supporting the jury's finding is "so obviously weak as to undermine confidence in the jury's determination," or the proof supporting the jury's finding, "although adequate if taken alone, is greatly outweighed by contrary proof." *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury's finding "shocks the conscience," or "clearly demonstrates bias." *Santellan v. State*, 939 S.W.2d 155, 164-65 (Tex. Crim. App. 1997). The appellate court may disagree with the jury's finding even if probative evidence exists that supports the finding. *Id.* at 164; *see also Johnson*, 23 S.W.3d at 7. However, "it is the exclusive province of the jury to resolve conflicts" in the evidence presented. *Williams v. State*, 191 S.W.3d 242, 248 (Tex. App.—Austin 2006, no pet.). As the arbiter of conflicting evidence, the jury may accept or reject any part of a witness's

testimony. *Lasiter*, 283 S.W.3d at 917; *see also Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

## ANALYSIS

Lherault contends the evidence presented to the jury proved he was incompetent to stand trial. Lherault argues the evidence showed he became so fixated and obsessed over minute and unimportant details that he lost the ability to engage in a reasoned choice of legal strategies and options. This, Lherault argues, left him unable to consult with his attorney with a reasonable degree of rational understanding. Lherault bases this argument on the testimony of the expert witnesses and on his own testimony.

A defendant is presumed competent to stand trial and holds the burden to prove incompetency by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A defendant is not competent to stand trial if the defendant lacks: "(1) sufficient present ability to consult with the defendant's attorney with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against the defendant." TEX. CODE CRIM. PROC. ANN. art. 46B.003(a).

In the event a defendant utilizes an expert to demonstrate or evaluate competency, the Code of Criminal Procedure sets out the factors experts should use to conduct this evaluation. TEX. CODE CRIM. PROC. ANN. art. 46B.024 (West Supp. 2014); *see Morris v. State*, 301 S.W.3d 281, 286 (Tex. Crim. App. 2009). These factors include whether a defendant can (1) rationally understand the charges against him and the potential consequences of the pending criminal proceedings; (2) disclose to counsel pertinent facts, events and states of mind; (3) engage in a reasoned choice of legal strategies and options; (4) understand the adversarial nature of criminal proceedings; (5) exhibit appropriate courtroom behavior; and (6) testify. TEX. CODE CRIM. PROC. ANN. art. 46B.024(1)(A)-(F).

At the competency trial, the jury heard the expert testimony of forensic psychologist Dr. Jack Ferrell and Brian Skop, M.D., a psychiatrist, who both evaluated Lherault for competency using the factors set out in article 46B.024. Both Dr. Ferrell and Dr. Skop testified Lherault had an above average understanding of the charges against him, the adversarial nature of the proceedings and of the potential consequences he faced. Dr. Ferrell and Dr. Skop testified Lherault had no difficulty discussing the facts and events surrounding his case. Both experts believed Lherault could exhibit appropriate courtroom behavior and testify if the need arose. Further, Dr. Ferrell and Dr. Skop declined to diagnose Lherault with any mental disease or disorder, although both concluded Lherault exhibited narcissistic personality traits. According to both experts, Lherault held a superior belief in his opinions and did not take criticism or disagreement well, which manifested itself in stubborn and insistent behavior. However, Dr. Ferrell and Dr. Skop differed in their conclusion as to whether this behavior rendered Lherault incompetent to stand trial.

In Dr. Ferrell's opinion, Lherault's narcissism prevented him from engaging in a reasoned choice of legal strategies and options. According to Dr. Ferrell, Lherault had spent a great deal of time studying the facts of his case and researching the law and had very specific opinions about how he wanted his defense to be handled. Dr. Farrell testified that Lherault would become fixated on his defensive theories or thoughts on a detail of the case, and when fixated, Dr. Ferrell had difficultly redirecting Lherault to a different topic.

Dr. Ferrell expressed concern this fixation created a bad working relationship between Lherault and his attorney. Dr. Ferrell testified Lherault had grown to distrust his attorney because Lherault did not think his attorney was following through with the defensive strategies Lherault wanted accomplished. Dr. Ferrell testified that while observing Lherault and his attorney conferring, he saw this distrust and opined that Lherault's tendency to fixate impaired their ability

- 4 -

to communicate. Dr. Ferrell opined this impairment was directly related to Lherault's narcissistic tendency to place his own opinions—particularly those regarding legal strategy—over those of his attorney, and for this reason, Lherault did not have sufficient present ability to consult with his attorney with a reasonable degree of rational understanding.

Conversely, Dr. Skop testified that although Lherault's narcissistic tendencies created difficulties, he possessed sufficient ability to consult with his attorney. Dr. Skop testified that Lherault would engage in "diatribes" about details of his case, but Lherault was "interruptible," an indication of his ability to control himself. Dr. Skop testified Lherault could communicate effectively if provided the ability to "give his two cents." Dr. Skop also watched Lherault and his attorney confer and observed the same insistence and stubbornness described by Dr. Ferrell. Dr. Skop agreed this behavior could negatively impact Lherault's ability to collaborate with his attorney; however, in his experience it is common for a defendant to be frustrated with or distrust his attorney. Dr. Skop opined distrust of an attorney, by itself, is not a factor in determination whether a defendant is incompetent to stand trial. Dr. Skop concluded that although Lherault's behavior would make communication with his attorney difficult, he did not lack the capacity to do so.

Additionally, Lherault testified at the competency trial. Lherault testified he believed he and his attorney could communicate most of the time, including the ability to discuss legal strategy; however, Lherault said he could not get certain questions answered and this left him distrustful of her. Lherault testified he had researched the law and determined the charges against him should be dismissed, but felt his attorney was not working adequately to have the charges dismissed. Lherault complained his attorney would not file the motions he had written for her to file. Lherault expressed his belief that because his attorney was appointed, she would not do what he wanted.

Lherault denied ever receiving any mental health treatment and described his personality as "quirky" and "very strong headed."

We have reviewed in a neutral light all the evidence presented to the first jury to determine competency. With regard to the first factor to indicate competency, the jury heard conflicting evidence on the issue whether Lherault had the present sufficient ability to consult with his attorney with a reasonable degree of rational understanding. As discussed, Dr. Ferrell and Dr. Skop provided differing testimony about whether Lherault's narcissistic personality traits rendered him unable to consult with his attorney. Because the jury is the arbiter of conflicting evidence, this court will not substitute its judgment in place of the jury's. *See Matlock*, 392 S.W.3d at 671; *Lasiter*, 283 S.W.3d at 917. Given the testimony presented, the jury could have weighed the conflicting evidence and reasonably found Lherault was sufficiently capable of consulting with his attorney with a reasonable degree of rational understanding. *See Lasiter*, 283 S.W.3d at 917.

With respect to the second factor to indicate competency, Lherault concedes he held a rational and factual understanding of the proceedings against him. Further, Dr. Ferrell and Dr. Skop's testimony supports the conclusion that Lherault had such an understanding.

Upon review of the evidence in a neutral light, giving deference to the jury's determination of the conflicting evidence, we conclude the jury's determination that Lherault was competent to stand trial was not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See id.*

## CONCLUSION

For the above reasons, we overrule Lherault's sole issue on appeal and affirm the trial court's judgment.

Jason Pulliam, Justice

DO NOT PUBLISH

- 6 -