**Affirm as Modified and Opinion Filed May 24, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-21-01077-CR

**DUSTIN MICHAEL ENGELKE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 072395**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Partida-Kipness

Appellant Dustin Engelke challenges his conviction for possession of methamphetamine, a penalty group one controlled substance, in an amount of four grams or more but less than 200 grams, with intent to deliver. In a single issue, Engelke argues the evidence was insufficient to support the conviction. Engelke also submitted a post-submission motion asking us to modify the judgment to correctly reflect his sentence. We affirm as modified.

# BACKGROUND

On May 5, 2020, Sherman police officers were dispatched to the local Wal-Mart for a welfare check. Wal-Mart employees had called police to report a man who was asleep in his vehicle with the driver's side door open. Upon their arrival, Wal-Mart employees told police they had attempted to wake the driver, Engelke, but were unsuccessful.

Officer Austin Ross observed the vehicle parked in the middle of multiple lanes near the Wal-Mart tire department. The tire department was closed because of Covid-19. Officer Ross approached the vehicle and made contact with Engelke, who initially seemed disoriented. After Engelke stepped out of the vehicle, Officers Ross and Logan Rogers continued questioning him to determine why Engelke was stopped at the Wal-Mart. During their questioning, both officers testified that Engelke was sweating profusely, even though the weather was mild, stated he "didn't believe there" was anything illegal in the vehicle, and stated the vehicle was registered to his cousin, Katie. Officer Rogers explained Engelke had noticeable changes in his behavior when asked if there were drugs in the vehicle and kept staring at the open driver's side door.

Officer Ross brought his K-9 partner to Engelke's vehicle and conducted an open-air sniff. His K-9 alerted immediately and they conducted a search of Engelke's vehicle. In the driver's side door pocket, over 57 grams of

methamphetamine was located within a black bag. Engelke denied knowledge of the methamphetamine. Officers also located $750 in cash in Engelke's front left pocket.

Engelke was indicted for possession of methamphetamine, a penalty group one controlled substance, in an amount of four grams or more but less than 200 grams, with intent to deliver. TEX. HEALTH & SAFETY CODE § 481.112(d). Engelke pleaded not guilty. The jury found him guilty as charged. Engelke pleaded true to two enhancement paragraphs and was sentenced to twenty-five years' imprisonment. Engelke filed a motion for new trial, which was denied. This appeal followed.

## ANALYSIS

### A. Sufficiency of the Evidence

In his sole issue, Engelke challenges the sufficiency of the evidence supporting his conviction.

We review a sufficiency challenge by considering all of the evidence in the light most favorable to the verdict and determine, whether, based on the evidence and reasonable inferences therefrom, a rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). The fact finder can

choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liabilities, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements "as modified by the indictment." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). A hypothetically correct jury charge for possession of a penalty group 1 controlled substance with intent to deliver states: a person commits an offense if the person knowingly manufactures, delivers, or

—4—

possesses with intent to deliver a controlled substance listed in Penalty Group 1 between four grams or more but less than 200 grams. TEX. HEALTH & SAFETY CODE § 481.112(d). "Possession" means "actual care, custody, control, or management." *Id*. § 481.002(38).

The State must prove Engelke intentionally or knowingly possessed a controlled substance with an intent to deliver it to others. Engelke argues the State failed to show he had "actual care, control, or management" of the methamphetamine or that the substance was contraband. Specifically, Engelke alleges he was not in exclusive possession of the vehicle where the methamphetamine was found because the vehicle did not belong to him. We disagree.

The evidence showed Engelke was in the driver's seat when the officers approached, was the sole occupant of the vehicle, acted in a nervous manner, kept looking at the open driver's side door, and gave Officers Ross and Rogers the wrong name for the owner of the car. When asked how long he had possessed the car, Engelke failed to respond. The bag that contained the methamphetamine was located in the pocket of the driver's side door, where Engelke was sitting when officers first approached him. Engelke denied knowing the drugs were in the vehicle, but was found with $750 in cash on his person. When asked if there was anything in the vehicle, Engelke responded he "did not know." Officers Rogers and Ross both testified Engelke's responses to their questions raised their suspicions of illegal

activity. In addition to their testimony, the jury was able to view the body cameras worn by both Officers Rogers and Ross.

The jury also heard testimony from Grayson County Sheriff's Department Investigator Dustin Stacks who was assigned as a narcotics investigator as well as a member of the FBI's violent crimes task force. Investigator Stacks stated he had specialized training in narcotics and explained the effects of using methamphetamine. For example, the user may stay awake for days and then crash and "sleep for four or five days coming down" because they had been up for "several days." Investigator Stacks stated "meth is considered one of the most addictive of the narcotics" and the amount found in Engelke's vehicle was not a "user amount of meth." It was his opinion that $750 would be a lot of money for a methamphetamine dealer and the prices of the drug "skyrocketed" during Covid-19 because the "supply was cut off." Investigator Stacks further explained that selling methamphetamine was a supplier's "livelihood" and believed they would keep their drugs close to them. He also stated that when investigating methamphetamine dealers, he would look to the weight found first.

Viewing the evidence in the light most favorable to the jury's verdict, we find the evidence was sufficient to support the jury's reasonable determination of "inferences necessary to establish guilt." *Wise*, 364 S.W.3d at 903. We overrule Engelke's sole issue.

**B.      Reformation of the Judgment**

In a post-submission motion, Engelke requests we also modify the judgment to correctly reflect what occurred in the trial court. He states the judgment incorrectly states he pleaded guilty when he pleaded not guilty, the restitution amount states "N/A" when it should be "$180.00," and the trial court ordered this cause number to run consecutively with his sentence in trial court cause number 06733. We agree.

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). When there is a conflict between the oral pronouncement of a sentence and the written judgment, the oral pronouncement controls. *Shuler v. State*, 650 S.W.3d 683, 686 (Tex. App.—Dallas 2022, no pet.) (citing *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)). When the oral pronouncement and the written judgment conflict, the remedy is to reform the judgment. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). In our review of the record, we grant Engelke's motion and make the following changes: under "plea to offense," change from guilty to not guilty; under restitution, change from "N/A" to "$180.00;" and under "This Sentence shall run," add "consecutive to sentence in trial court cause number 06733."

**CONCLUSION**

Under this record, we conclude the evidence was sufficient to support Engelke's conviction. We further find the judgment should be modified as requested by Engelke. Accordingly, we overrule Engelke's sole issue and affirm the judgment as modified.

211077f.u05

Do Not Publish
TEX. R. APP. P. 47.2(b).

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DUSTIN MICHAEL ENGELKE,
Appellant

No. 05-21-01077-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 072395.
Opinion delivered by Justice Partida-
Kipness. Justices Nowell and
Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:
under "plea to offense," change from guilty to not guilty; under restitution, change
from "N/A" to "$180.00;" and under "This Sentence shall run," add "consecutive
to the sentence in trial court cause number 06733."
As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered this 24th day of May 2023.